### JONATHAN H. SMITH *vs.* INHABITANTS OF WAKEFIELD.

A town is not liable under the Gen. Sts. *c.* 44, § 22, for an injury received by a traveller by reason of the narrowness and crookedness of a highway duly located.

TORT under the Gen. Sts. *c.* 44, § 22, for an injury alleged to have been received by the plaintiff through a defect in a highway which the defendants were bound to keep in repair. Trial before *Ames*, J., who reported for the judgment of the full court the case which is stated in the opinion.

*W. C. Endicott*, for the plaintiff.

*C. P. Judd*, for the defendants.

MORTON, J. The injury for which the plaintiff brings this action was received by him while travelling upon an ancient highway in the town of Wakefield. The only defect which his evidence tended to prove was, that the highway, after it had passed under a railroad, was narrow and crooked, so that it naturally crowded the travel going southerly, towards the wall which was its eastern boundary. The injury to the plaintiff was caused by his team, when frightened, sheering off from the railroad towards the wall,

and crowding him against it, throwing him down and running over him. It is not contended that there were any obstructions or defects in the grading or the surface of the road, within its limits as laid out, which contributed to the injury. Nor is it claimed that the wall was not a suitable one to mark the boundary of the highway. The plaintiff's claim is, that the defect was the sudden curve in the road as it emerged from under the railroad bridge, forcing the travel inconveniently near the wall. This was an error in the location, and not a defect in the construction or maintenance of the road for which the town is liable. Our statutes require that highways shall be kept in repair at the expense of the town in which they are situated. But it is the highway as located and laid out by the county commissioners, which the town is obliged to keep in repair. It has no right to go outside of the limits defined by the location, in order to make the highway more safe or convenient for travel. If a highway is so narrow or crooked as to be unsafe, the proper remedy is by an application to the county commissioners to widen or straighten it. But if a town keeps the highway, within the limits of its location, in suitable repair, it has done its whole duty, and is not liable for an injury from a cause over which it has no control. It follows that the plaintiff cannot maintain this action. He fails to show that he suffered injury by reason of any defect or want of repair in the highway, for which the defendant town was responsible. This view renders it unnecessary to consider whether the plaintiff was in the exercise of due care at the time of the accident.

*Judgment for the defendants.*