MICHAEL J. TRIOLI & others vs. TOWN OF SUDBURY.

Middlesex. January 13, 1983. — March 3, 1983.

Present: HALE, C.J., ARMSTRONG, & WARNER, JJ.

*Pleading, Civil,* Complaint, Notice. *Practice, Civil,* Dismissal. *Municipal Corporations,* Liability for tort. *Way,* Public: defect.

A complaint alleging that the plaintiff, while riding his motorcycle on a public way, was struck by an automobile driven by an unknown person which had entered from an intersection without stopping or yielding the right of way, that the plaintiff's injuries were caused by the failure of the town to erect a stop sign at the intersection, and that the plaintiff gave due notice to the town of the time, place, and cause of his injuries was sufficient to state a claim against the town under G.L. c. 84, § 15, for injuries caused by a defect in a public way. [395-398]

Inasmuch as G.L. c. 84, § 15, provides the exclusive remedy for injuries sustained as a result of a defect in a public way, there could be no recovery under G.L. c. 258 on theories of negligence and nuisance by a plaintiff for personal injuries allegedly caused by a town's failure to erect a stop sign at an intersection, or by his wife and son for loss of consortium, emotional distress and loss of parental society. [398-399]

CIVIL ACTION commenced in the Superior Court Department on November 16, 1981.

A motion to dismiss was heard by *Zobel, J.*

*Robert J. Carnevale* for the plaintiffs.

*Paul L. Kenny,* Town Counsel, for the defendant.

WARNER, J.   The plaintiffs, Michael J. Trioli, his wife, Theresa, and their minor son, Michael P., brought this action against the town of Sudbury (town) for damages for personal injuries, loss of consortium, emotional distress and loss of parental society.   The defendant filed a motion to dismiss under Mass.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction) and (6) (failure to state a claim upon which relief can be granted), 365 Mass. 755 (1974).   The motion

was allowed under rule 12(b)(1), a judgment of dismissal was entered, and the plaintiffs appealed.

The judge, in a memorandum and order, determined that the plaintiffs did not allege any defect in a public way within the meaning of G. L. c. 84, § 15, but did state a claim for "negligence or nuisance" under G. L. c. 258 (Massachusetts Tort Claims Act). He ruled, however, that the plaintiffs had not complied with the notice requirements of G. L. c. 258, § 4, as appearing in St. 1978, c. 512, § 15,[1] and dismissed the complaint for lack of subject matter jurisdiction.[2] Mass.R.Civ.P. 12(b)(1), *supra*.

We summarize the pertinent allegations of count one of the complaint which sets forth a claim for damages for personal injuries of the plaintiff, Michael J. Trioli.[3] On July 14, 1981, the plaintiff, while riding his motorcycle on a public way in the town, was struck by an automobile, driven by an unknown person, which had entered from an intersecting way without stopping or yielding the right of way to the plaintiff. In July of 1973 the board of selectmen of the town had determined that a stop sign was needed at the intersection

---

[1] Section 4 provides in part: "A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing and sent by certified or registered mail, or as otherwise provided by this section."

At oral argument the parties stipulated that the requirements of § 4 were met in a timely manner. In any event, the allegations in the complaint with respect to notice were sufficient to withstand a rule 12(b)(1) motion. See *Gallant* v. *Worcester*, 383 Mass. 707, 711 (1981). On the view which we take of this case, however, it is unnecessary to deal further with this issue.

[2] The judge apparently took the view that the giving of notice was "indispensible to the existence of the cause of action." See *Paddock* v. *Brookline*, 347 Mass. 230, 231-232 (1964).

[3] Counts two through six of the complaint set forth claims for damages of the plaintiff, his wife and their son for personal injuries, loss of consortium, emotional distress and loss of parental society on theories of negligence and nuisance. On the view which we take of this case, these counts do not lie.

but had negligently and carelessly failed and refused to erect such a sign. As a proximate result the plaintiff suffered personal injuries and consequential damages. The plaintiff gave due notice to the town of the time, place and cause of his injuries.

General Laws c. 84, § 15, which gives a limited right to recovery against a municipality for injuries caused by defects in public ways, "clearly manifests an intent that a traveller who is injured on account of the breach by a municipality of the statutory obligation to keep the ways 'reasonably safe and convenient for travelers,' G. L. (Ter. Ed.) c. 84, § 1, shall have no other remedy against the municipality. The Legislature in creating a remedy has set forth the specific grounds upon which a municipality may be held liable for an injury sustained by a traveller upon a public way, and at the same time has safeguarded the [municipality] by providing for the giving of a written notice within a designated time, by requiring action to be brought within a certain period, by exempting the [municipality] from liability except where the defect was the sole cause of the injury, and by limiting the amount of the recovery . . . . It was intended to be an exclusive remedy. . . . [T]here can be no recovery outside of the statute for the additional reason that, at common law, no action will lie against a [municipality] to recover damages for personal injuries sustained by a traveller on account of a failure to keep the public way reasonably safe." *Whalen* v. *Worcester Elec. Light Co.*, 307 Mass. 169, 174-175 (1940). See *Huff* v. *Holyoke*, 386 Mass. 582, 585 (1982). Contrast *Green* v. *West Springfield*, 323 Mass. 335 (1948), and *D'Urso* v. *Methuen*, 338 Mass. 73 (1958), involving commercial undertakings by municipalities which subjected them to common law liability for negligence. The Massachusetts Tort Claims Act, G. L. c. 258, enacted in 1978 and generally abrogating governmental immunity, preserved the exclusivity of the remedy as it had been interpreted under prior decisional law. See St. 1978, c. 512, § 18; *Gallant* v. *Worcester*, 383 Mass. 707, 711-712 (1981).

In order to recover under G. L. c. 84, § 15, the plaintiff must prove a defect in the public way. A defect, for purposes of § 15, is "anything in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel." *Gallant, supra* at 711. See *Whalen, supra* at 174; *Gregoire* v. *Lowell,* 253 Mass. 119, 121 (1925). Whether a defect existed ordinarily presents a question of fact. See *Guidi* v. *Great Barrington,* 272 Mass. 577, 579 (1930).

While count one of the complaint does not present a detailed factual description of the cause of the plaintiff's injuries, it makes out the substance of a claim under G. L. c. 84, § 15. See *Palmer* v. *Andover,* 2 Cush. 600 (1849); *Gallant, supra* at 710. The fact that the plaintiff does not use the language of § 15 and relies on general allegations of "negligence and carelessness" is of no consequence. "Under current Massachusetts practice there is no requirement that a complaint state the correct substantive theory of the case." *Gallant, supra* at 709. See *Whitinsville Plaza, Inc.* v. *Kotseas,* 378 Mass. 85, 89 (1979).

The allegations as to notice, the giving of which is required by G. L. c. 84, § 18, and which is not only a condition precedent to the bringing of the action but also "an essential ingredient indispensable to the existence of the cause of action," *Paddock* v. *Brookline,* 347 Mass. 230, 231-232 (1964), are sufficient to withstand a rule 12(b)(1) dismissal. See *Gallant, supra* at 711. The record, however, does not reveal whether the plaintiff has satisfied the specific notice requirements of G. L. c. 84, § 18, as appearing in St. 1965, c. 378, § 1.[4] If he has not, the case may

---

[4] Section 18 provides in pertinent part: "A person so injured shall, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage . . . . Such notice shall not be invalid or insufficient solely by reason of any inaccuracy in stating the name or place of residence of the person injured, or the time, place or cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby. The words 'place of residence of the person injured', as used in this and the two following sections, shall include the street and number, if any, of his residence as well as the name of the city or town thereof."

be disposed of, with appropriate affidavits, on a motion for summary judgment under Mass.R.Civ.P. 56, 365 Mass. 824 (1974).

Since the judge incorrectly treated the complaint as one properly brought under G. L. c. 258 and found that it stated a claim under that statute upon which relief could be granted, he did not consider the motion to dismiss under rule 12(b)(6) as directed to claims under G. L. c. 84, § 15. In the circumstances, we think it appropriate to express our views to the extent we have not in the preceding discussion, leaving it to counsel and the trial judge to take the appropriate procedural steps to conform with this opinion.

Under G. L. c. 84, § 15, only the plaintiff, Michael J. Trioli, may recover, within the limits prescribed, for his injuries and consequential damages. See *Whalen* v. *Boston*, 304 Mass. 126, 128-129 (1939). Counts two through six of the complaint which claim damages for the plaintiff's injuries, his wife's loss of consortium and emotional distress and their minor son's loss of parental society on theories of negligence and nuisance should be dismissed. See *Whalen* v. *Boston, supra* at 128; *Whalen* v. *Worcester Elec. Light Co.*, 307 Mass. at 174-175; *Gallant, supra* at 1313.

"It is settled that to recover against a municipality for injuries caused by a defect in a way it must appear that the defect was the sole cause of the injuries. It is a rule which can be invoked by a defendant where the negligent conduct of the plaintiff or the intervening wrongful act of a third person combines with the defect to cause the injuries." *Scholl* v. *New England Power Serv. Co.*, 340 Mass. 267, 271 (1960). Here the plaintiff alleges simply that while he was riding his motorcycle on a public way he was struck by an automobile, driven by an unknown person, which had entered from an intersection without stopping or yielding the right of way, and that the plaintiff's injuries were caused by the failure of the town to erect a stop sign at the intersection.

"'In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should

not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Furthermore, the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff's favor, are to be taken as true." *Nader* v. *Citron,* 372 Mass. 96, 98 (1977), quoting from *Conley* v. *Gibson,* 355 U.S. 41, 45-46 (1957). See *Charbonnier* v. *Amico,* 367 Mass. 146, 152-153 (1975); *Coolidge Bank & Trust Co.* v. *First Ipswich Co.,* 9 Mass. App. Ct. 369, 370 (1980). Applying these tests we cannot conclude that it is beyond doubt that the plaintiff can prove no set of facts in support of a claim under G. L. c. 84, § 15, that there was a defect in a public way, the absence of a stop sign at the intersection, which was the sole cause of his injuries.

In summary, we hold that the first count of the complaint constitutes, in substance, a claim for injuries under G. L. c. 84, § 15, and should not have been dismissed. The judgment is reversed and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*