MARY T. RAM *vs.* TOWN OF CHARLTON & another.[1]

Suffolk. December 6, 1990. - March 7, 1991.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Municipal Corporations*, Liability for tort. *Way*, Public: defect. *Massachusetts Tort Claims Act. Governmental Immunity. Notice*, Action alleging injury caused by defect in public way. *Words*, "Defect."

General Laws c. 81, § 18, provides the exclusive remedy for a claim against the Commonwealth for personal injuries caused by "defects" on State highways. [485-486]

Allegations by an injured motorist that both a municipality and the Commonwealth failed to correct an allegedly negligently designed road asserted the existence of a "defect" under both G. L. c. 84, § 15, and c. 81, § 18, and, since these statutes provided the exclusive remedies against the municipality and the Commonwealth for personal injuries caused by "defects" on public ways, the motorist was barred from recovery because she failed to comply with the written notice requirements under the statutes. [486-489]

There was no merit to the contention by the plaintiff, a motorist injured on a public way, that it was unnecessary for her to comply with the written notice requirements of G. L. c. 84, § 15, and c. 81, § 18, because both the defendants, a municipality and the Commonwealth, were aware of the dangerous condition of the road. [489]

The written notice requirements of G. L. c. 84, § 15, and c. 81, § 18, which are conditions precedent to maintaining actions against either a municipality or the Commonwealth alleging injuries caused by defects in public ways, neither violate equal protection of the laws, as guaranteed by the United States and Massachusetts Constitutions [489-490], nor deprive the injured plaintiff of property without due process of law as guaranteed by the Federal and State Constitutions [490-491].

CIVIL ACTION commenced in the Superior Court Department on November 14, 1986.

---

[1]The Commonwealth.

Motions for summary judgment were heard by *Elbert Tuttle*, J., and *Robert A. Mulligan*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John F. Kehoe* for the plaintiff.

*Francis R. Fecteau* for the town of Charlton.

*Apolo J. Catala*, Assistant Attorney General, for the Commonwealth.

GREANEY, J. The plaintiff brought this action against the defendants, the town of Charlton (town) and the Commonwealth, seeking to recover damages for injuries sustained by her in a one-car accident on a road in the town. Summary judgment was granted on motions filed by the defendants. Mass. R. Civ. P. 56 (b), 365 Mass. 824 (1974). The judges passing on the motions ruled that the plaintiff's claims fell within the statutes governing actions which allege injuries caused by defects in public ways, G. L. c. 81, § 18 (1988 ed.), and G. L. c. 84, § 15 (1988 ed.), and that she had failed to give the notice required as a condition precedent to maintaining such actions. Judgments entered dismissing the plaintiff's claims, and she appealed. We transferred the appeal to this court on our own motion and now affirm the judgments.

The material facts are undisputed. We summarize those facts and the procedural background of the case. At approximately 11 P.M., on November 18, 1983, the plaintiff was driving south on Route 31, Dresser Hill Road, a public way in the town. She was traveling at forty miles per hour, the posted speed limit, when she reached a sharp curve. She was unable to negotiate the curve, went off the road, and crashed into a stone wall, and then struck a tree. The plaintiff suffered severe injuries.

There had been numerous reported accidents on this stretch of Route 31 prior to the plaintiff's accident. Sometime before the accident, the county engineers had surveyed the road and made plans to widen and straighten it, but the plans had not been carried out. Two days before the accident, one of the town's selectmen wrote to the Governor,

describing the dangers of the road and the many accidents which had taken place, and requested funds for reconstruction. Prior to the plaintiff's accident, nothing had been done to correct the road's dangerous condition.

The plaintiff did not provide written notice to agents of the town or the Commonwealth within thirty days of the incident. On November 14, 1986, almost three years after her accident, the plaintiff filed a complaint in the Superior Court, under G. L. c. 258 (1988 ed.), the Massachusetts Tort Claims Act, naming the town and the Commonwealth as defendants, and alleging that negligent design, construction, and maintenance of Route 31 had caused the accident. The plaintiff's complaint asserted "numerous defects in the public way including improper grading, lighting and a road surface and line of travel inappropriate to the topography of the land at that location." In addition, she asserted that there were no visible white lines marking the edge of the road, no guardrails, inappropriately posted and set speed limits, and no signs warning motorists of the dangers of the curve. The complaint alleged also that the defendants knew, or reasonably should have known, of the road's dangerous condition, and that the defendants had expressly and impliedly warranted to motorists that the road was safe for its intended purpose. On November 17, 1986, the plaintiff filed an amended complaint which, as far as material here, reasserted similar claims and allegations against the defendants.

After the completion of discovery, the town filed a motion for summary judgment. A judge of the Superior Court granted the town's motion on the ground that the plaintiff's exclusive remedy against the town was provided by G. L. c. 84, § 15,[2] and that her failure to give the notice required

---

[2]General Laws c. 84, § 15 (1988 ed.), provides, in relevant part, as follows:

"If a person sustains bodily injury or damage in his property by reason of a defect or a want of repair or a want of a sufficient railing in or upon a way, and such injury or damage might have been prevented, or such defect or want of repair or want of railing might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may, if such county, city, town or per-

by G. L. c. 84, § 18,[3] barred her action. The Commonwealth thereafter filed a similar motion for summary judgment asserting that the claims against it were barred by G. L. c. 81, § 18 (1988 ed.). This motion was granted by another judge of the Superior Court on the ground that G. L. c. 81, § 18 (1988 ed.),[4] provided the plaintiff's exclusive remedy against the Commonwealth, and she had failed to comply with the notice provisions of that statute.

On appeal, the plaintiff argues that G. L. c. 84, §§ 15 and 18, and G. L. c. 81, § 18, are not her exclusive remedies, because the alleged negligent design of the road is not a "defect" as that term is used in the statutes. She maintains that her complaint stated appropriate causes of action against both defendants under the Massachusetts Tort Claims Act,

---

son had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair or want of a sufficient railing, recover damages therefor from such county, city, town or person; but he shall not recover from a county, city or town more than one fifth of one percent of its state valuation last preceding the commencement of the action nor more than five thousand dollars . . . ."

[3]This statute provides, in relevant part, as follows:

"A person so injured shall, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage; and if the said county, city, town or person does not pay the amount thereof, he may recover the same in an action of tort if brought within three years after the date of such injury or damage."

[4]General Laws c. 81, § 18 (1988 ed.), provides, in relevant part, as follows:

"The commonwealth shall be liable for injuries sustained by persons while traveling on state highways, if the same are caused by defects within the limits of the constructed traveled roadway, in the manner and subject to the limitations, conditions and restrictions specified in sections fifteen, eighteen and nineteen of chapter eighty-four, except that the commonwealth shall not be liable for injury sustained because of the want of a railing in or upon any state highway, or for injury sustained upon the sidewalk of a state highway or during the construction, reconstruction or repair of such highway. The amount which may be recovered for any such injury shall not exceed one-fifth of one percent of the valuation of the town in which the injury was received, nor shall it exceed four thousand dollars. Notice of the injury as required by law shall be given to a member of the department [of public works]."

G. L. c. 258.[5] She also argues that, even if G. L. c. 84, §§ 15 and 18, and G. L. c. 81, § 18, provide exclusive remedies, she was not required to give notice because agents of the defendants were aware of the dangerous condition. If these arguments are rejected, the plaintiff argues that the provisions for notice in the statutes are unconstitutional. We conclude that summary judgment was properly entered for the defendants on these issues and that other arguments made by the plaintiff need not be considered.

1. This court has consistently held that G. L. c. 84, § 15, provides the sole remedy against a municipality for personal injuries or property damage resulting from a defect or want of repair "in or upon a way." See *Huff* v. *Holyoke*, 386 Mass. 582, 585 (1982); *Gallant* v. *Worcester*, 383 Mass. 707, 711-712 (1981); *Whalen* v. *Worcester Elec. Light Co.*, 307 Mass. 169, 174-175 (1940). See also *Trioli* v. *Sudbury*, 15 Mass. App. Ct. 394, 396 (1983). While this court has never expressly held that G. L. c. 81, § 18, provides the sole remedy against the Commonwealth for injuries caused by "defects" on State highways, our decisions have assumed that such is the case. See *Kromhout* v. *Commonwealth*, 398 Mass. 687, 689-692 (1986); *Fearon* v. *Commonwealth*, 394 Mass. 50, 54 (1985). When the Massachusetts Tort Claims Act was enacted in 1978, the Legislature took special care to provide that its provisions were not to be construed as superseding or repealing § 18 of G. L. c. 81, and §§ 15-25 of G. L. c. 84. See St. 1978, c. 512, § 18 ("The provisions of this act . . . shall not be construed to supersede or repeal section eighteen of chapter eighty-one and sections fifteen to twenty-five, inclusive, of chapter eighty-four of the General Laws").

---

[5]The summary judgment motions were decided in the Superior Court on the arguments just described without regard to whether, at the time of the accident, the road was a State highway or a public road exclusively controlled by the town, a fact which neither the parties, nor the judge below, considered relevant. The appeal has been briefed on the same basis, and we decide it in the manner presented. See *Commonwealth* v. *Thompson*, 382 Mass. 379, 382 (1981); *Kagan* v. *Levenson*, 334 Mass. 100, 106 (1956).

It is obvious that the Legislature intended that these statutes provide exclusive remedies for actions against both municipalities and the Commonwealth for injuries caused by defects in ways under their control. The language in St. 1978, c. 512, § 18, permits no other reasonable conclusion. See *Caine* v. *Commonwealth*, 368 Mass. 815, 816 (1975). We now hold that G. L. c. 81, § 18, like G. L. c. 84, § 15, is an exclusive remedy. If the plaintiff's action falls under these statutes, she has no other basis for suit.

The plaintiff maintains that the statutes do not apply because the allegedly negligent design of the road, and the negligent failure to correct its problems, do not state "defects" under these statutes, but instead constitute the basis for claims under G. L. c. 258. She argues that the word "defect" contemplates holes, bumps, ruts, and the like, rather than negligent design problems which might render a road inherently dangerous. We disagree.

"[D]efect," as used in G. L. c. 84, has been defined as "*anything* in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel" (emphasis added). *Gallant* v. *Worcester, supra* at 711. See *Whittaker* v. *Brookline*, 318 Mass. 19, 25 (1945); *Whalen* v. *Worcester Elec. Light Co.*, *supra* at 174; *Gregoire* v. *Lowell*, 253 Mass. 119, 121 (1925). See also E. Martin & E.F. Hennessey, Automobile Law and Practice §§ 611-622 (1967 & Supp. 1987). General Laws c. 81, § 18, incorporates this definition of "defect" by its express reference to c. 84. As can readily be seen, this definition is broad in scope and on its face encompasses claims like those made by the plaintiff. To avoid the obvious result that her claims come within the definition, the plaintiff refers to, and relies upon, a Nineteenth-Century decision for the proposition that negligent design of a road should not be considered a "defect" under the statutes. The court in *Smith* v. *Wakefield*, 105 Mass. 473 (1870), construing Gen. Sts. c. 44, § 22 (1860), an earlier version of G. L. c. 84, § 15, was confronted with a situation somewhat similar to the one at hand. The alleged problem was a "sudden curve in the road as it emerged from under the railroad

bridge, forcing the travel inconveniently near the wall." *Id.*
at 474. The plaintiff's team of horses was frightened by the
curve, throwing the plaintiff down and running over him. The
court held that the sudden curve was "an error in the loca-
tion, and not a defect in the construction or maintenance of
the road for which the town is liable." *Id.* The plaintiff ar-
gues that this language establishes that the term "defect"
does not include problems with roads attributable to their
negligent design.[6]

We discern little useful precedential value in *Smith.* The
decision has never been cited in any later Massachusetts
opinion, and its rationale was based more on the allocation of
powers and responsibilities between governmental agencies
than upon a construction of the term "defect."[7] Moreover,
the plaintiff's reading of *Smith* is contradicted by later case
law, which will be discussed below. To the extent that the
*Smith* decision may conflict with later precedent on the
point, we do not follow it.

In *Gallant* v. *Worcester,* 383 Mass. 707 (1981), the plain-
tiff's husband was struck and killed by a motor vehicle as he
walked across a public way. The plaintiff brought an action
against the city alleging "negligent design, construction, and
maintenance" of the public way. *Id.* at 708. She also alleged

---

[6] This argument is bolstered in the plaintiff's eyes by the fact that, five
years earlier, the court in *Barber* v. *Roxbury,* 11 Allen 318, 320 (1865),
had defined "defect" under Gen. Sts. c. 44, § 22 (1860), as "[a]nything in
the state or condition of the highway, which renders it unsafe or inconven-
ient for ordinary travel." According to the plaintiff, the *Smith* case ex-
cluded from the definition of "defect," set forth in the *Barber* case and
adopted in modern cases, problems connected with negligent design of a
road.

[7] The court in *Smith* noted that county commissioners had located and
laid out the road, and by law the town was obliged only to keep the road in
repair. In fact, the town had "no right to go outside the limits defined by
the location, in order to make the highway more safe or convenient for
travel." *Smith* v. *Wakefield, supra* at 474. The proper remedy, according
to the court, was application to the county commissioners to widen or
straighten the road. The plaintiff does not allege that the town or the Com-
monwealth had no right to alter or relocate Route 31. Indeed, the plain-
tiff's complaint is based on the assertion that the town and the Common-
wealth had the right and the responsibility to do so.

that the city had notice of the unsafe and dangerous condition, or should have had due notice through reasonable inspection. *Id.* at 711. The plaintiff contended that her complaint stated a claim under G. L. c. 258, and did not fall within G. L. c. 84, § 15, because negligent design, construction, and maintenance of public ways are not related to the actual state or condition of the roads. The contention was rejected, and it was held that the plaintiff's complaint, to the extent that she alleged injury resulting from the accident, stated a cause of action that fell within G. L. c. 84, § 15, and was properly dismissed because the plaintiff had failed to comply with the notice requirements under § 18. *Id.* at 712. Similarly, the Appeals Court has held that a complaint alleging that an accident was caused by a town's failure to erect a stop sign at an intersection stated a claim which fell within G. L. c. 84, § 15, which provides the exclusive remedy for injuries sustained as a result of a defect in a public way, and, as a result, the plaintiff could not seek recovery under G. L. c. 258 on the theory of negligence. *Trioli* v. *Sudbury*, 15 Mass. App. Ct. 394, 396-397 (1983). In a recent case, this court has assumed that allegations of negligent design, construction, and maintenance of roads state claims of "defects" under G. L. c. 81, § 18, the statute allowing recovery for injuries caused by defects in State highways. See *Kromhout* v. *Commonwealth*, 398 Mass. 687, 689-691 (1986).

We perceive little appreciable distinction between the cases just discussed and the present case.[8] An allegation of failure to correct an allegedly negligently designed road asserts the existence of a "defect" under the public way stat-

---

[8]In her brief the plaintiff attempts to distinguish her case by arguing that her claim is based only on negligent design of the road and on the negligent failure to correct it. The plaintiff's complaint, however, alleges, "Route 31 . . . was and has been negligently designed, constructed and maintained." This is identical to the wording used by the court to describe the complaint in the *Gallant* case. See *Gallant* v. *Worcester*, *supra* at 708. She also alleges defects, such as improper grading, an inappropriate road surface, and lack of proper lighting, white lines, guardrails, speed limit signs, and warning signs, all of which are clearly "defects" under G. L. c. 81 and c. 84.

utes because the road's layout is an aspect of its state or condition that renders it unsafe or inconvenient for ordinary travel. The word "defect" thus includes not only physical impairments to the road itself which can cause immediate danger to a traveler, but also possible conceptual problems with the road's design which may require extra caution by those using it. The exclusive remedy for any of these problems falls under G. L. c. 84, § 15, and G. L. c. 81, § 18, and a plaintiff may not escape the requirements of these statutes by framing a complaint in terms of negligence principles which seek to invoke the provisions of G. L. c. 258. See *Gallant v. Worcester, supra* at 709; *Trioli v. Sudbury, supra* at 397. The plaintiff in this case is barred from recovery because she failed to comply with the written notice requirement under the statutes. See G. L. c. 81, § 18; G. L. c. 84, § 18; *Gallant v. Worcester, supra; Trioli v. Sudbury, supra* at 397-398.

We reject the plaintiff's alternate argument that it was unnecessary for her to comply with the written notice requirements because the defendants were aware of the dangerous condition of the road. An unequivocal requirement under both statutes to the maintenance of any action is that the town or the Commonwealth "had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair." G. L. c. 84, § 15. This requirement coexists with the requirement that written notice of an injury be given to the town or Commonwealth within thirty days of an accident. G. L. c. 84, §§ 18 and 19; G. L. c. 81, § 18. Thus, in addition to actual or constructive notice of the dangerous state of the road, timely written notice of the injury is a clear condition precedent to the existence of a cause of action, and no other form of notice may be substituted. See *Paddock v. Brookline*, 347 Mass. 230, 231-232 (1964); *Mooney v. Salem*, 130 Mass. 402, 403 (1881).

2. We also reject the plaintiff's arguments pertaining to the constitutionality of the notice provisions.

a. The plaintiff first contends that the notice requirement violates equal protection of the laws, as guaranteed by the United States and Massachusetts Constitutions, because it

divides tortfeasors into two classes — private tortfeasors to whom no notice need be provided, and governmental tortfeasors to whom notice must be given. General Laws c. 84, § 15, does not create such a distinction. Both private parties and governmental entities are entitled to notice within thirty days when a defect in a way under their control is alleged under G. L. c. 84, § 15. See *Murphy* v. *Boston & Me. R.R.*, 332 Mass. 123 (1954); *Dobbins* v. *West End St. Ry.*, 168 Mass. 556 (1897). Likewise, because G. L. c. 81, § 18, applies only to State highways, it creates no distinction. The only real differentiation established by the statutes is between plaintiffs who allege injuries resulting from a defect in a public way and all other plaintiffs. Such a classification obviously is not a violation of equal protection principles. See *Hearn* v. *Massachusetts Bay Transp. Auth.*, 389 Mass. 404, 406 (1983); *Paro* v. *Longwood Hosp.*, 373 Mass. 645, 651 (1977).

b. Nor does the notice requirement deprive the plaintiff of property without due process of law as guaranteed by the Federal and State Constitutions. Before the statutes were enacted, all claims against government entities for injuries caused by defects in public ways were barred by the doctrine of sovereign immunity. When the Legislature waived this immunity, by enacting statutes allowing recovery for defects in public ways, and allowed the Commonwealth and its political subdivisions to be sued in certain instances in the courts of the Commonwealth, it established limitations and conditions on that waiver. See *Morris* v. *Massachusetts Maritime Academy*, *ante* 179 (1991) (admiralty claims); *Broadhurst* v. *Director of the Div. of Employment Sec.*, 373 Mass. 720, 722 (1977) (costs). See also *Smith* v. *Commonwealth*, 347 Mass. 453, 455-456 (1964); *Whalen* v. *Worcester Elec. Light Co.*, 307 Mass. 169, 174 (1940).

The thirty-day notice requirement was one such limitation. It is rationally related to a permissible legislative objective. *Klein* v. *Catalano*, 386 Mass. 701, 712 (1982). The Legislature could have decided that the notice requirement is necessary to safeguard public defendants against frivolous claims

and excessive liability, see *Trioli* v. *Sudbury, supra* at 396, by allowing such defendants to investigate and remedy any defects expeditiously, see *Canterbury* v. *Boston*, 141 Mass. 215, 218 (1886), and by allowing them to evaluate claims and to determine at an early stage whether liability could be imposed against them. See *Murphy* v. *Boston & Me. R.R., supra* at 123-124.[9]

Summary judgment was properly granted for the defendants.

*Judgments affirmed.*

---

[9]The plaintiff argues that the design problems with the road were the result of "gross negligence," which takes her claims outside G. L. c. 84, § 15, and G. L. c. 81, § 18. The language of the statutes appears to allow for no such exception once it is determined that a plaintiff has incurred damage as the result of a "defect" in the road. In any event, this argument was not precisely raised below and has not been adequately argued on appeal, so we need not deal with it. See *Century Fire & Marine Ins. Corp.* v. *Bank of New England-Bristol County, N.A.*, 405 Mass. 420, 421 n.2 (1989); *Langlitz* v. *Board of Registration of Chiropractors*, 396 Mass. 374, 376 n.2 (1985).

The plaintiff also contends that the $5,000 liability limit of G. L. c. 84, § 15, and the $4,000 liability limit of G. L. c. 81, § 18, violate equal protection and due process guarantees. Summary judgment was properly granted on the issue of liability; the issue of damages is not before us.