Lopez, J.
Plaintiffs, Edward and Ina Golb (collectively as “Golb”) bring this negligence action against the defendants, Gregory L. Dembs (“Dembs”) and the Commonwealth of Massachusetts (“Commonwealth”). This matter is before the court on the Commonwealth’s motion for summary judgment. For the reasons stated below, the Commonwealth’s motion is denied.[3]
BACKGROUND
This is a negligence action arising out of a motor vehicle collision that took place on or about September 22, 1989, at the intersection of O’Brien Highway and Commercial Avenue, in Cambridge, MA. The accident involved the plaintiff, Golb, and the defendant Dembs.
At the time and immediately prior to the accident, Officer Daniel Sullivan (“Officer Sullivan”) was directing traffic at the Commercial Avenue/O’Brien Highway intersection. Dembs approached the intersection from the west on Commercial Avenue. When he reached the intersection he faced a red light and stopped his vehicle. Officer Sullivan, who had previously been operating the signal changer, then entered the intersection in order to address the condition of the roadway.
After having cleared the intersection, Officer Sullivan signaled the traffic travelling north on O’Brien Highway to stop, even though the light was green. He then waved Dembs, who was still located on Commercial Avenue, through the intersection even though his light was still red. As Dembs travelled through the intersection, he collided with Golb, who was travelling through the green light.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be met by either submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party-establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a disputed issue of material fact in order to defeat the motion. Pederson, supra, at 17.
The threshold issue in this dispute concerns whether Golb’s action against the Commonwealth for the allegedly negligent conduct of Officer Sullivan is controlled by the Road Defect Statute, G.L.c. 92, §36. Specifically, the Commonwealth argues that when Officer Sullivan decided to replace his judgment for that of the traffic signal, he was somehow transformed into a “defective condition” in the road.
Unfortunately for the Commonwealth, however, nothing in the plain language of G.L.c. 92, §36,[4] or in case law interpreting that statute, supports the proposition that a person’s “negligent conduct” may be characterized as a “defective condition.” See Ram v. Charlton, 409 Mass. 481, 486 (1991). Indeed, issues concerning a police officer’s negligent conduct are expressly covered in G.L.c. 258, the Massachusetts Tort Claims Act (“MTCA”).[5] Accordingly, the Commonwealth’s claim that G.L.c. 92, §36, applies to this matter is denied.
The Commonwealth next argues that Golb’s claim is barred by the discretionary function exemption provided in G.L.c. 258, §10 (b), of the MTCA.[6] This argument is, however, also misplaced.
Generally, discretionary actions under § 10(b) only concern those actions “characterized by [a] high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning.” Whitney v. Worcester, 373 Mass. 208, 218 (1977). Significantly, decisions which involve “the carrying out of previously established policies or plans” may not be characterized as discretionary acts. Id.
Here, Officer Sullivan’s decision to direct traffic by bypassing a functioning traffic signal was merely a decision to carry out a well established policy that allows an officer to take control of traffic at a busy intersection. No reasonable basis exists for arguing that an officer is making “a policy or planning judgment” in assuming such a responsibility.
Accordingly, the Commonwealth’s motion for summary judgment in this matter is denied.
ORDER
It is therefore ORDERED that the defendant’s motion for summary judgment be DENIED.

The Commonwealth also argues that co-defendant Dembs’s cross claim for contribution must be dismissed *68 because it is not liable in tort to Golb. As noted above, however, this court has determined that the Commonwealth may be liable in tort to Golb. Accordingly, the Commonwealth’s motion for summary judgment on the contribution claim is also denied.

G.L.c. 92, §36, provides in pertinent part:
The commonwealth shall be liable for injuries sustained by persons while traveling on any boulevard maintained by the commission under authority of the preceding section, if the same are caused by defects within the limits of the constructed traveled roadway . . .

G.L.c. 258, §2, provides in pertinent part:
Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope or his office or employment, in the same manner and to the same extent as a private individual under like circumstances . . .

G.L.c. 258, §10 provides in pertinent part:
The provisions of Sections one to eight, inclusive, shall not apply to:—
(b) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused;