Fremont-Smith, J.
The plaintiff, Frank Minasian, brought this action against the City of Somerville (“the City”) for personal injuries allegedly suffered when he fell down an uncovered manhole. Minasian seeks relief under G.L.c. 258, the Massachusetts Tort Claims Act, alleging that the City was negligent in leaving the manhole uncovered. Now before the Court is the City’s motion for summary judgment pursuant to Mass.R.Civ.P. 56. For the reasons discussed below, the motion is allowed.
BACKGROUND
The undisputed material facts are as follows. On January 30, 1990, the plaintiff was injured when he fell down an open manhole at the intersection of Hawkins and Lake Street in Somerville, Massachusetts. Both streets are public ways. On March 5,1990, the plaintiff served the City clerk with notice of the incident.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and when the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and (further], that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial “and mandates the award of summary judgment.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
The City argues that judgment should enter for it because the plaintiff failed to notify the city of his claim within thirty days, as required by G.L.c. 84, §§15, 18, which is the exclusive remedy for an individual injured by a defect on a public way.
The plaintiff argues that the manhole itself was not defective either in its condition or its design, so there is no “defect” alleged.
A “defect,” however, has been defined as “anything in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel.” Gallant v. Worcester, 383 Mass. 707, 711 (1981) (emphasis added). Thus, c. 84, §15 is intended to cover all injuries caused by unsafe conditions on a way, including any “physical impairment... to the road itself which can cause immediate danger to a traveler.” Ram v. Charlton, 409 Mass. 481, 489 (1991). See also Wolf v. Boston Water & Sewer Commission, 408 Mass. 490, 492-93 (1990), and Trioli v. Sudbury, 15 Mass.App.Ct. 394, 396 (1983). Under this broad definition, the open manhole constituted a “defect” in the public way.
The plaintiff argues that the Complaint, as well as the plaintiffs deposition testimony and affidavit, raise an issue of negligence, i.e., a claim which falls outside the purview of G.L.c. 84, §15. But, “a plaintiff may not escape the requirements of [G.L.c. 84, §15] by framing a complaint in terms of negligence principles which seek to invoke the provisions of G.L.c. 258.” Ram v. Charlton, 409 Mass. at 489; Trioli v. Sudbury, supra.
The plaintiff argues, finally, that the Court should defer to this Court’s previous decision on this same issue. This Court previously denied defendant’s motion to dismiss, citing D’Urso v. Town of Methuen, 338 Mass. 73 (1985), a case which relied on a pre- c. 258 distinction between governmental and nongovernmental or proprietary functions. That distinction, and D’Urso, however, were abrogated by the enactment of c. 258, as expressly recognized in Wolf v. Boston Water & Sewer Commission, 408 Mass. at 493, n.4. This footnote was clearly not brought to the Court’s attention at the time of the previous ruling.
Because the plaintiff admittedly failed to comply with the thirty-day notice requirement of G.L.c. 84, §18, his claim is barred and judgment must be granted for the City.
ORDER
For the foregoing reasons, defendant’s motion for summary judgment is ALLOWED.