Gershengorn, J.
This action arises out of injuries sustained by the plaintiffs, Herbert D. Gassett and Richard Ambrogi, when they were struck by a motor vehicle while attempting to operate a motorist aid call box on a state highway. The plaintiffs commenced suit against the defendant, Commonwealth of Massachusetts, pursuant to the Massachusetts Tort Claims Act, G.L.c. 258, alleging that the Commonwealth (1) failed to provide proper lighting near the call box, (2) failed to erect safety barriers between the call box and the highway, (3) negligently and carelessly maintained the road surface, and (4) negligently located the call box. The Commonwealth seeks summary judgment pursuant to Mass.R.Civ.P. 56 on the ground that the plaintiffs’ exclusive remedy is under G.L.c. 81, §18, and their action is barred because the plaintiffs failed to provide timely notice within the statutorily prescribed period, and the alleged conduct of the Commonwealth, was not the sole cause of the plaintiffs’ injuries. For the following reasons, the motion is ALLOWED.
BACKGROUND
The undisputed facts are as follows. On December 11, 1983, at approximately 5:00 p.m., the plaintiffs were trying to operate motorist aid call box #0016, located on Route 495 in Foxborough, Massachusetts. The weather conditions were poor, and Route 495 was covered with ice and snow. The area around the call box was dark; there was no light on or near the call box. In order to use the call box, the plaintiffs had to stand on the edge of the highway, with their backs turned to the oncoming traffic. There was no barrier or railing between the call box and the highway. As the plaintiffs attempted to use the call box, they were struck from behind by an oncoming vehicle.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is *147 entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
The enactment of the Massachusetts Torts Claim Act, G.L.c. 258, did not repeal or supersede G.L.c. 81, §18. Ram v. Charlton, 409 Mass. 481, 485-86, cert, denied, 112 S.Ct. 82 (1991). Therefore, if an action falls under G.L.c. 81, §18, that statute provides the exclusive remedy: there can be no other basis for suit. Id.
G.L.c. 81, §18 provides that “the commonwealth shall be liable for injuries sustained by persons while traveling on state highways, if the same are caused by defects within the limits of the constructed traveled roadway . . .”[2] As it is used in this statute, a “defect” is “anything in the state of condition of the way that renders it unsafe or inconvenient for ordinary travel.” Ramv. Charlton, 409 Mass. 481, 486 (1991) (citations omitted). It “includes not only physical impairments to the road itself which can cause immediate danger to a traveler, but also possible conceptual problems with the road’s design which may require extra caution by those using it.” Id. at 489. A defect “is not restricted to conditions appearing on the surface of the way but may extend to obstructions overhanging the way and to structures and objects that may fall on or in the way.” Whalen v. Worcester Electric Light Co., 301 Mass. 169, 174 (1940); see also Daigneault v. Town of Auburn, 357 Mass. 671 (1970).
To the extent that the plaintiffs seek to hold the Commonwealth liable for improper lighting, failure to erect barriers, and negligent road maintenance, the action is controlled by G.L.c. 81, §18. The case law is clear that such claims are defects within G.L.c. 81, §18. Ram, supra at 488 n.8 (“improper grading, an inappropriate road surface, and lack of proper lighting, white lines, guardrail, speed limit signs, and warning signs, all of which are clearly ‘defects’ under G.L.c. 81”); see also, Karlin v. Mass. Turnpike Authority, 399 Mass. 765, 768 (1987) (want of railing); Gallant v. Worcester, 383 Mass. 707, 708, 712 (1981) (negligent maintenance of road).
In addition to these claims, the plaintiffs seek to hold the Commonwealth liable for the alleged negligent location and positioning of the call box which forced them to stand in the roadway and face away from the oncoming traffic. While there is no case directly on point, this court similarly finds that this claim is governed by G.L.c. 81. In Gallant v. Worcester, 383 Mass. 707 (1981), the plaintiffs husband was struck and killed by a motor vehicle as he was crossing a public way. The court found that the plaintiffs claim for “negligent design, construction, and maintenance” of the way and allegations that the city had notice of the unsafe condition or should have had notice through reasonable inspection did not state a claim under G.L.c. 258 but were instead governed by the public way statute. Id. at 711-12. See also, Trioli v. Sudbury, 15 Mass.App.Ct. 394, 397 (1983) (failure to erect stop sign); Ram, supra (lack of speed or warning signs).
Assuming arguendo that such a claim falls under the Massachusetts Torts Claim Act, the plaintiffs’ action would be barred under G.L.c. 258, §10(b) which excludes “any claim based upon the exercise of performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused.” The location and position of motorist aid call boxes is a function involving “sensitive executive policy-making” and is not simply the carrying out of previously established policies. Whitney v. Worcester, 373 Mass. 208, 217-21 (1973); see also Sanker v. Town of Orleans, 11 Mass.App.Ct. 410 (1989) (location of utility poles is discretion function excluding liability under G.L.c. 258).
Section 18 of chapter 81 incorporated the notice requirements of G.L.c. 84, §18 which provides:
A person so injured shall, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage . . .
“(T]imely written notice of the injury is a clear condition precedent to the existence of a cause of action, and no other form of written notice may be substituted.” Ram, supra at 489. Notice under G.L.c. 81 “is not only a condition precedent to the bringing of the action but also ‘an essential ingredient indispensable to the existence of the cause of action.’ ” Trioli, supra at 397.
Clearly, plaintiff Gassett’s letter, dated December 11, 1984, was untimely as it was sent more than one year after the accident. Plaintiff Ambrogi’s notice also failed to comply with the notice provision. Ambrogi’s notice, although timely (January 2, 1984), was generally addressed to the Department of Public Works and not to the Commissioner of Public Works.
Even if this mistake is not fatal to Ambrogi’s claim, his action, as well as Gassett’s, cannot survive because the defects alleged are not the sole cause of their injuries. A “municipality may be liable for injuries resulting from a defect in a way only if the defect was the sole cause of the injuries.” Tomasello v. Commonwealth, 398 Mass. 284, 286 (1986). Clearly, the allegations against the Commonwealth including improper lighting, failure to erect barriers, and negligent road maintenance, and negligent location of the call box are not the only cause of the injuries. Instead, the plaintiffs were struck by a motor vehicle and sustained injuries. “[Ilf either a plaintiffs negligent conduct or the wrongful conduct of a third person is also a cause of injuries, that circumstance bars recovery against the municipality.” Id.
*148 ORDER
For all of the foregoing reasons, it is hereby ORDERED that the motion for summary judgment of the defendant, the Commonwealth of Massachusetts, shall be ALLOWED.

 The parties do not contest that the call box was located “within the limits of the constructed traveled roadway” of the highway within the meaning of G.L.c. 81, §18.