Sherman, RJ.
This is a G.L.c. 84, §15 action to recover for injuries sustained by plaintiff Margaret Estabrook in a fall on a defective sidewalk maintained by the defendant, City of Somerville. The trial court allowed the defendant’s motion for summary judgment, and the plaintiff filed this Dist./Mun. Cts. RA.D A., Rule 8A appeal.
The parties’ Dist./Mun. Cts. R. Civ. E, Rule 56 materials indicate that on July 23, 1992, the plaintiff was injured when the sidewalk in question collapsed and she fell into an open sewer drain. The plaintiff commenced this action in August, 1994 to recover for the defendant’s negligence. The complaint asserted that proper and timely notice had been given pursuant to G.Lc. 84, §18.[1]
On June 7, 1995, the defendant filed a motion for summary judgment on the grounds that the plaintiff’s statutory notice was invalid because it was not *39 addressed to the Mayor, Clerk or Treasurer of the City of Somerville.[2] The record indicates that the plaintiff gave written notice of the date, time, place and cause of her injuries by a letter addressed to “City Hall, City of Somerville... Attn. M. Kirby, Esquire.” At the time in question, one McFall Kerbey, III was the Somerville City Solicitor. It is undisputed that the plaintiff’s notice was received on August 18, 1992, well within the thirty day period prescribed by G.L.c. 84, §18, by an employee of the Somerville Law Department. A typewritten marginal notation was added to the plaintiff notice, which stated: “[cjounter notice sent to the City Clerk’s office on August 18,1992.”
It is also undisputed that Somerville City Clerk Arthur B. McCue (“the Clerk”) responded to the plaintiff’s notice by letter of August 19,1992. The Clerk identified the plaintiff’s letter as a notice “addressed to the City Clerk” and alleged that such notice was insufficient because it omitted the date, time, place and cause of the plaintiff’s accident, and the name and address of the person injured.[3] The Clerk did not claim or suggest in any way that the plaintiff had failed to give notice to the proper municipal authority.
1. Both parties acknowledge in this case that G.L.c. 84, §15 constitutes the exclusive remedy for injuries caused by defects in public ways, Huff v. Holyoke, 386 Mass. 582, 585 (1982), and that in so abrogating the sovereign immunity of the Commonwealth and its political subdivisions, the Legislature imposed reasonable conditions and limitations on the statutory remedy it created. Ram v. Charlton, 409 Mass. 481, 490 (1991); Whalen v. Worcester Elec. Light Co., 307 Mass. 169, 174-175 (1940). One such condition precedent to the statutory right of action in question is the written notice of injury mandated by G.L.c. 84, §§18,19. Paddock v. Brookline, 347 Mass. 230, 231-232 (1964): Souza v. Torphy, 336 Mass. 584, 586 (1958); Brown v. Winthrop, 275 Mass. 43, 47 (1931). The purpose of the notice requirement is
to safeguard public defendants against frivolous claims and excessive liability ... by allowing such defendants to investigate and remedy any defects expeditiously ... and by allowing them to evaluate claims and to determine at an early stage whether liability could be imposed against them [citations omitted].
Ram v. Charlton, supra at 490-491. To insure that the notice serves its intended function of facilitating investigation and claim assessment, Murphy v. Boston & Me. R.R., 332 Mass. 123, 123-124 (1954), G.L.c. 84, §19 designates specific public officers, whose official duties encompass appropriate action in response to claims, as the proper recipients for an injured party’s statutory notice. O’Connell v. Cambridge, 258 Mass. 203, 204-205 (1927).
The defendant contends that as the statutory notice of a person injured by reason of a defect in a municipal way must be directed to the mayor, city clerk or city treasurer and “cannot be given to any other person,” King v. Boston, 300 Mass. 377, 380 (1938), the plaintiff has lost any right of action against the City because her notice was improperly addressed to the Somerville City Solicitor. In support of its argument, the defendant relies on a number of cases in which judgment was directed for the defendant because the plaintiff had served notice on the wrong city or town officer. See, e.g., Corlin v. Worcester, 1995 Mass. App. Div. 119: Burdette v. Boston, 59 Mass. App. Dec. 120 (1976). Those cases are factually distinguishable, however, because there was no evidence therein of actual receipt of the *40 plaintiff’s notice by one of the public officials designated by G.Lc. 84, §19.
Section 19 requires that notice be “given” to one of three named city officers. “The manifest purpose of any statute of this nature ... is that the information contained in such notice shall seasonably reach such person... [emphasis supplied].” Urban v. Simes, 259 Mass. 336, 337 (1927) (construing G.Lc. 84, §§18, 19, 20 & 21 as to notice in snow and ice cases). Thus it is the actual receipt of the written, statutory notice, rather than the directing or addressing of the same,[4] and the resulting ability of the city officer to take appropriate action on the basis of such notice, which satisfies the true purpose and Legislative intent of a statute such as G.Lc. 89, §19. See Wormstead v. Waltham, 144 Mass. 184 (1887). See also, Anderson v. Billerica, 309 Mass. 518 (1941).[5]
In the instant case, the Clerk’s response letter of August 19,1992 was alone sufficient to raise at least a material issue as to the Clerk’s actual receipt of the plaintiff’s notice.[6] It is axiomatic that summary judgment is inappropriate where a genuine issue of relevant fact remains undecided.
2. The defendant has requested that we dismiss the plaintiff’s appeal as premature on the basis of one of two alternative grounds; namely, that the judge’s allowance of the defendant’s Rule 56 motion was never set forth on a separate judgment document and entered chronologically on the docket as mandated by Dist./Mun. Cts. R. Civ. R, Rule 58(a) and 79(a); or that the plaintiff failed to obtain an order for, and entry of, a Dist./Mun. Cts. R. Civ. R, Rule 54(b) separate judgment against the defendant after her motion to amend the complaint by adding an additional party defendant was allowed at the summary judgment hearing. The first contention is without merit, as it would have been improper for the trial court clerk to enter a Rule 58(a) judgment upon the allowance of the defendant’s summary judgment motion in view of the addition of a second defendant.
It is true that a Rule 54(b) separate judgment is customarily deemed prerequisite to an immediate appeal of a ruling affecting fewer than all the parties. Bragdon v. Bradford O. Emerson, Inc., 19 Mass. App. Ct. 420, 422-423 (1985). Rule 54(b) reflects the judicial policy in this Commonwealth against piecemeal appellate review, however, and does not preclude an appellate court from reviewing the interlocutory ruling at issue. In this case, the defendant did not object in the trial *41 court to the plaintiffs premature appeal, and both parties have fully briefed and argued the merits of the trial court's Rule 56 ruling. Moreover, the practical effect of our opinion in this matter will be a single trial of the plaintiffs claims against both defendants, an end result preferable to the needless waste of the time and resources of this Division, the trial court and the parties in the multiple trials and successive appeals which would predictably result from a technical dismissal of this appeal. The defendant’s request is thus denied.
3. The trial court’s allowance of the defendant’s motion for summary judgment is hereby reversed and vacated. This action is returned to the Somerville Division for trial.
So ordered.

Chapter 84 of the General Laws governs actions for injuries sustained “by reason of a defect or want of repair in or upon a way....” G.Lc. 84, §15. Section 18 of G.Lc. 84 mandates that “[a] person so injured shall, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury....”

Section 19 of G.Lc. 84 provides that “[s]uch notice shall be in writing, signed by the person injured... and may be given, in the case of a... city, to the mayor, the city clerk or treasurer....”

The City Clerk’s allegations were patently erroneous and, with respect to the plaintiff’s name and address, absurdly illogical. All of the information required by statute was clearly and adequately set forth in the plaintiff’s notice.

Mere actual or constructive knowledge of the plaintiff’s injuries or the roadway defect, short of actual receipt of a timely written notice, would not satisfy the statute. Ram v. Charlton, supra at 489.

In Wormstead, a notice given by the plaintiff to a city alderman with instructions to deliver it to the city clerk was held to constitute proper statutory notice based on evidence of actual receipt of the notice by the clerk. In Anderson, the timely mailing of notice by registered mail addressed to the town clerk was not alone sufficient to permit a finding that the plaintiff had complied with G.Lc. 84, §19, where the notice had been picked up at the post office by the town tax collector and the clerk had denied receiving it from him. Based on some evidence of actual receipt by the town clerk, however, the notice was ruled valid.

It is unnecessary to address the plaintiff’s additional arguments that the Clerk’s August 19, 1992 response letter, acknowledging the plaintiff’s notice as one “addressed to the City Clerk,” also raises issues of estoppel and waiver. With respect to the latter, the Supreme Judicial Court’s 1982 note in Vasys v. Metropolitan Dist. Comm., 387 Mass. 51 (1982) is of interest. The Court stated: “We are aware, of course, of the long line of cases holding, in an analogous situation, that the requirement of notice contained in a statute which permits suits against municipalities for injuries caused by detects in public ways (G.Lc. 84) cannot be waived by officers of a municipality [citations omitted]. As an analysis of these and similar decisions reveals, however, they are based on the assumption that there can be no suit against a governmental entity in Massachusetts without the permission of the Legislature, an assumption this court recently has rejected.” Id. at 54 n. 3.