Tucker, Richard T., J.
The defendant, Tantasqua Regional School District (School District) moves to dismiss Count II of plaintiffs’ Complaint pursuant to Mass.R.Civ.P. 12(b)(6). In Count II the plaintiff, Sandra Kenneally (Kenneally), seeks damages for the loss of consortium of her son, Thomas Cavanaugh who sustained injury, upon the grounds of, and allegedly due to the negligence of the defendant School District. Kenneally brings this count pursuant to the provisions of Chapter 258, “The Massachusetts Tort Claims Act.” The defendant School District argues that Kenneally’s claim should more properly be stated as being brought under G.L.c. 231, §85X which provides a remedy to the parent of a minor or dependent child upon the child’s injury. The School District further argues that said action cannot be brought against it since a school district may be sued under G.L.c. 71, §15 only “to the same extent and upon the same conditions” as a town. A town is not a “person,” who may be found liable under G.L.c. 231, §85X and therefore the plaintiff Kenneally has failed to plead, in Count II, a claim upon which relief may be granted.
After hearing at which counsel for both sides offered oral arguments and upon careful review of the written submissions of counsel and the legal precedents raised therein, I find and rule as follows.
Applicable Standard
A motion to dismiss or for judgment on the pleadings, by its veiy nature, “argues that the complaint (or counterclaim) fails to state a claim upon which relief can be granted.” Jarosz v. Palmer, 436 Mass. 526, 529 (2002) quoting J.W. Smith &H.B. Zobel, Rules Practice §12.16 (1974). In considering such a motion the allegations of the Complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor are to be taken as true. Nader v. Citron, 372 Mass. 96, 98 (1977). In pleading his case, however, a plaintiff may not assert legal conclusions cast in the form of factual allegations. Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). “While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his entitlement to relief required more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). In short, a Complaint must contain, to prevent a motion to dismiss, “allegations plausibly suggesting (not merely consistent with) an entitlement to relief.” Id.
DISCUSSION
The School District’s sole ground for dismissal is that it is not a “person” within the meaning of G.L.c. 231, §85X.[1] In so moving, the School District must be aware that plaintiff Kenneally has sought damages for loss of consortium in Count II of her complaint, not pursuant to G.L.c. 231, §85Xbut, instead, pursuant to the Massachusetts Torts Claims Act, G.L.c. 258.
In its answer the School District raises specific affirmative defenses to the G.L.c. 258 claim, but does not refer to G.L.c. 231, §85X. In its motion to dismiss and memorandum in support of the motion, the School District’s posture is that G.L.c. 231, §85X provides the sole and exclusive remedy of a parent suing for the loss of a child’s consortium. Asserting that a School District (being the same as a “town” for these purposes) is not a “person” within, the meaning of G.L.c. 231, §85X the School District concludes that the claim of Kenneally for loss of a child’s consortium must be dismissed.
The Massachusetts Tort Claims Act provides generally that towns may be held liable for negligent or wrongful acts or omissions of their public employees “in the same manner and to the same extent as a private individual under like circumstances.” G.L.c. 258, §2. In enacting this comprehensive statutoiy “scheme of governmental liability that is consistent with accepted tort principles and the reasonable expectations of the citizenry with respect to its government,” Whitney v. Worcester, 373 Mass. 208, 215 (1977), the statute did not create new actions of tort *354 liability. Sharon v. City of Newton, 437 Mass. 99 (2002). Some remedies that were deemed to be exclusive remedies before the passage of the Act were specifically retained as such by the “saving clause” of the legislation. For example, tort claims for personal injuries against municipalities for defects in ways remained the exclusive province of G.L.c. 84 since it was so preserved as such in the savings clause of the legislation. See Section 18 of St. 1978, c. 512; see Gallant v. Worcester, 383 Mass. 707, 710-15 (1981) (actions for injuries from defects of a public way are subject to G.L.c. 84, §15; actions for wrongful death under c. 229 arising out of a defect of a public way are cognizable under c. 258); Trioli v. Town of Sudbury, 15 Mass.App.Ct. 394, 396 (1983) (claims under c. 84 preserved as the exclusive remedy against municipalities for injuries on account of defects in ways since preserved as such under c. 258 legislation). The Legislature is presumed to have known the provisions of G.L.c. 258, §2, enacted in 1978, and the decisions interpreting these provisions when it passed G.L.c. 231, §85X in 1989. Specifically, it was aware that since the abrogation of sovereign immunity with the passage of c. 258, municipalities would be liable in tort “to the same extent as a private individual. . .” G.L.c. 258, §2. Moreover, the Legislature did not attempt to expressly exempt municipalities from c. 231, §85X’s provisions.
The defendant School District may be sued in tort for loss of a child’s consortium under G.L.c. 258.
ORDER
For the above stated reasons, the defendant, Tan-tasqua Regional School District’s motion to dismiss Count II of plaintiffs complaint is DENIED.

G.L.c. 231, §85X provides: “The parents of a minor child or an adult child who is dependant on his parents for support shall have a cause of action for loss of consortium of the child who has been seriously injured against any person who is legally responsible for causing such injury.”