Whitehead, J.
This action arises out of a two-car automobile collision on Route 1 in Newburyport which occurred at the intersection of Low and Pond Streets on August 2, 1989. Plaintiffs allege that the accident resulted from: (1) the negligent operation of a motor vehicle by Frank K. Kane (“Kane”); (2) a malfunctioning traffic signal; and (3) the failure of the City of New-buiyport (“Newburyport”) to secure the accident scene once it had knowledge of the defective traffic signal. Defendants, Newburyport and the Commonwealth of Massachusetts (“Commonwealth”), have moved for summary judgment. For the reasons set forth below, defendants’ motion for summary judgment is allowed in part and denied in part.
BACKGROUND
The following facts are not in dispute. On August 2, 1989, the plaintiffs were injured in a two-car automobile collision on Route 1, at the intersection of Low Street and Pond Street in Newburyport. The plaintiff, Clara Hauenstein (“Hauenstein”), operated one of the automobiles, and the defendant Kane operated the other. Julie DiPalma (“DiPalma”) was a passenger in Hauenstein’s automobile. The record indicates that the traffic signal standing at the corner of Low Street and Route l.was not functioning properly, in that it indicated green in all four directions.
Route 1 is a state highway, and Low and Pond Streets are public ways within the City of New-buiyport. The traffic lights at the intersection where the accident occurred are owned and operated by the Commonwealth of Massachusetts.
As a result of the accident, Hauenstein and DiPalma sustained injuries and were taken by ambulance to *428 Anna Jacques Hospital where they were admitted. They were discharged a few days later.
Pursuant to G.L.c. 258, §4, plaintiffs each presented their negligence claims against Newburyport and the Commonwealth in writing to the Mayor of Newburyport and the Department of Public Works on or about August 11, 1989 and August 22, 1989, respectively. Newburyport denied plaintiffs’ claims on December 5, 1989. The Commonwealth denied plaintiffs’ claims on January 9, 1990.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving parly is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof of trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or by “demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communication Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion.” Pederson, supra at 17.
Plaintiffs’ Negligence Claim Against the Commonwealth
Plaintiffs allege that their injuries were caused, in part, by a malfunctioning traffic signal owned and operated by the Commonwealth, and they seek recovery under the Massachusetts Tort Claims Act, G.L.c. 258. The Commonwealth maintains that a malfunctioning traffic light constitutes a road defect, and that the exclusive remedy against the Commonwealth for negligence concerning a defect in a roadway is governed by G.L.c. 81, §18.
While the appellate courts of the Commonwealth have not directly answered the question whether a malfunctioning traffic light constitutes a “defect in a roadway” within the meaning of G.L.c. 81, §18, this court is persuaded that it does. A “defect” is “anything in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel.” Gallant v. Worcester, 383 Mass. 707, 711 (1981) (quoting Whalen v. Worcester Elec. Light Co., 307 Mass. 169, 174 (1940)). A “defect” is not restricted to conditions appearing upon the surface of the way, but extends to obstructions overhanging the way and to structures and objects that may fall on or in the way. Whalen v. Worcester Elec. Light Co., supra at 174. A malfunctioning traffic light constitutes a “defect in a roadway” because the road is made unsafe or inconvenient for ordinary travel. Prindle v. Commonwealth of Massachusetts, Civil No. 92-2742 (Middlesex Sup. Ct., November 3, 1992); Loveless v. DeDominicus, Civil No. 90-6703 (Middlesex Sup. Ct., September 21, 1992); Keidel v. Massachusetts Bay Transp. Auth., Civil No. 88-2238 (Suffolk Sup. Ct., June 30, 1991). See Trioli v. Sudbury, 15 Mass.App.Ct. 394 (1983) (failure of a town to erect a stop sign at an intersection was sufficient to state a claim against the Town under G.L.c. 84, §15, for injuries caused by a defect in a public way). Thus, plaintiffs’ injuries resulting from a defect in a roadway give rise to liability under G.L.c. 81, §18. The Supreme Judicial Court has held that when a plaintiffs action falls under G.L.c. 81, §18, plaintiff has no other basis for suit. Ram v. Charlton, 409 Mass. 481, 486 (1991). Because G.L.c. 81, §18 provides plaintiffs with their exclusive remedy against the Commonwealth, plaintiffs are barred from recovering against the Commonwealth under the Massachusetts Tort Claim Act, G.L.c. 258.
Plaintiffs’ Negligence Claim Against Newburyport
Plaintiffs allege that their injuries were also caused by the failure of Newburyport to keep the intersection reasonably safe for travelers once it knew of the malfunctioning traffic signal, and they seek recovery from Newburyport under G.L.c. 258. Like the Commonwealth, Newburyport maintains that plaintiffs’ claim is based on an action concerning a road defect and, therefore, their exclusive remedy is governed by G.L.c. 84, §15.[3] Plaintiffs’ claim against Newburyport is, in substance, a claim of a defect in the roadway because the accident was caused by a malfunctioning traffic signal. See Kromhout v. Commonwealth 398 Mass. 687, 689-91 (1986) (Supreme Judicial Court assumes that allegations of negligent design, construction and maintenance of roads state claims of “defects” . . .). The Supreme Judicial Court has consistently held that “G.L.c. 84, §15 provides the sole remedy against a municipality for personal injuries or property damage resulting from a defect or want of repair in or upon ? way.” Ram v. Charlton, supra at 485. See Huff v. Holyoke, 386 Mass. 582, 585 (1982); Gallant v. Worcester, supra at 711-12; Whalen v. Worcester Elec. Light Co., supra at 174-75. See also, Trioli v. Sudbury, supra at 396. Accordingly, plaintiffs are barred from bringing a cause of action against Newburyport under G.L.c. 258.[4]
Relief Under G.L.c. 84, §15 and G.L.c. 81, §18
Although plaintiffs’ complaint contains only a claim for relief under G.L. c. 258, this does not preclude relief on other legal theories. Gallant v. Worcester, supra at 709. “Under current Massachusetts practice, there is no requirement that a complaint state the correct *429 substantive theory of the case.” Id. “[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Id. at 709-10, citing Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979) (emphasis in original). Based on the foregoing, plaintiffs are not foreclosed from having recovery under G.L.c. 81, §18 and G.L.c. 84, §15.
Sufficiency of Notice
In order to bring a claim under G.L.c. 81, §18 and G.L.c. 84, §15, plaintiffs must give notice to the proper authorities within thirty days of the injury. Id. Notice to the Commonwealth must be sent to the Department of Public Works. G.L.c. 81, §§1, 18.[5] Notice to a city may be sent to either the Mayor, City Clerk or Treasurer. G.L.c. 84, §19. From the record, it is clear that plaintiffs have satisfied the statutory notice requirements. The accident occurred on August 2, 1989. Plaintiffs sent notice to the Mayor of Newburyport on or around August 11, 1989. Plaintiffs also sent notice to the Department of Public Works on August 22, 1989.
Sole Cause of the Accident
Plaintiffs allege that their injuries were caused by the combined negligence of Kane, Newburyport and the Commonwealth. Defendants argue that it is well settled in Massachusetts that to recover against a City or State for a roadway defect, it must appear that the defect was the sole cause of the plaintiffs injuries. General Laws c. 81, §18 and G.L.c. 84, §15 do, in fact, require that the Commonwealth’s or the City’s defect be the sole cause of the injuries in order for the plaintiff to recover. Tomasello v. Commonwealth of Massachusetts, 398 Mass. 284, 285-86 (1986); G.L.c.84, §15. However, on the current record, it appears possible for a factfinder to conclude that the alleged defect in question was the sole cause of the accident and plaintiffs’ resulting injuries. Trioli v. Sudbury, supra at 398-99.
ORDER
For the foregoing reasons, it is hereby ordered that the defendants’ motions for summary judgment be ALLOWED insofar as claims under G.L.c. 258 are concerned and DENIED in so far as claims under G.L.c. 81, §18 and G.L.c. 84, §15 are concerned.

G.L.c. 84, §15 is the municipal counterpart to G.L.c. 81, §18.

 Supreme Judicial Court has consistently held that a “plaintiff may not escape the requirements of these statutes by framing a complaint in terms of negligence principals which seek to invoke the provisions of G.L.c. 258. Ram v. Charlton, supra at 489. See Gallant v. Worcester, supra at 709; Trioli v. Sudbury, supra at 397.

 In 1991, the Department of Public Works was renamed, and is now referred to as the Department of Highways. See G.L.c. 81, §1 (1958 ed. & Supp. 1993).