EVELYN ·J. BAIRD & another[1] vs. MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY.[2]

No. 90-P-929.

Suffolk. December 17, 1991. - May 6, 1992.

Present: PERRETTA, JACOBS, & GILLERMAN, JJ.

*Way*, Public: defect. *Massachusetts Bay Transporation Authority.*

An action against the Massachusetts Bay Transportation Authority, aris-
ing from injuries to a pedestrian who tripped over the stump of a sign-
post that the authority had maintained on a public sidewalk, was en-
compassed by the provisions of G. L. c. 84, §§ 15 & 18; where the
plaintiffs failed to give notice pursuant to § 18, summary judgment was
correctly entered for the authority. [496-499]

CIVIL ACTION commenced in the Boston Municipal Court
Department on July 1, 1980.

The case was heard by *Charles R. Johnson*, J., on a mo-
tion for summary judgment.

*Russell R. Weddell* for the plaintiffs.
*Jonathan P. Feltner* for the defendant.

JACOBS, J. In their complaint, the plaintiffs claim that Eve-
lyn J. Baird was injured when she tripped over the stump of
what had been a signpost maintained on a public sidewalk in
the city of Somerville (city) by the Massachusetts Bay
Transportation Authority (MBTA) and that her injuries
were caused by the negligence of the city and the MBTA.
They further allege that Evelyn J. Baird's husband suffered a
loss of consortium and that timely statutory notice pursuant
to G. L. c. 84, § 18, was given to the city.

---

[1]James A. Baird.

[2]The city of Somerville was also a defendant but it is not involved in this
appeal.

The MBTA moved for summary judgment on the basis of lack of notice to it under G. L. c. 84, § 18. After a judge of the Boston Municipal Court allowed the summary judgment motion, he reported the case to the Appellate Division of that court, which filed a detailed decision dismissing the report, thereby affirming the ruling of the judge. See Dist.Mun.Cts.R.Civ.P. 64 (1975). The plaintiffs have appealed.[3] We affirm.

For purposes of the appeal, the parties agree that the MBTA has a nonstatutory common law duty to inspect, maintain, and repair its signposts. The central issue, therefore, is whether the plaintiffs' claims against the MBTA are encompassed by the provisions of G. L. c. 84, § 15,[4] and G. L. c. 84, § 18.[5]

The definition of "defect" as "anything in the state or condition of the way that renders it unsafe or inconvenient for

---

[3]Final judgment for the MBTA was entered on the joint motion of the plaintiffs and the MBTA following the allowance of the motion for summary judgment. See Mass.R.Civ.P 54(b), 365 Mass. 821 (1974), and Dist.Mun.Cts.R.Civ.P. 54 (1975).

[4]General Laws c. 84, § 15, as amended through St. 1965, c. 214, provides, in relevant part, as follows:

"If a person sustains bodily injury or damage in his property by reason of a defect or a want of repair or a want of a sufficient railing in or upon a way, and such injury or damage might have been prevented, or such defect or want of repair or want of railing might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may, if such county, city, town or person had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair or want of a sufficient railing, recover damages therefor from such county, city, town or person; but he shall not recover from a county, city or town more than one fifth of one percent of its state valuation last preceding the commencement of the action nor more than five thousand dollars. . . ."

[5]General Laws c. 84, § 18, as amended through St. 1979, c. 163, § 1, provides, in relevant part, as follows:

"A person so injured shall, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage; and if the said county, city, town or person does not pay the amount thereof, he may recover the same in an action of tort if brought within three years after the date of such injury or damage."

ordinary travel," *Gallant* v. *Worcester*, 383 Mass. 707, 711 (1981), is well accepted. See *Wolf* v. *Boston Water & Sewer Commn.*, 408 Mass. 490, 492 (1990); *Ram* v. *Charlton*, 409 Mass. 481, 486 (1991). A tripping hazard, such as the remainder of the signpost here involved, if found to be unreasonably dangerous, is well within that definition. *Farrell* v. *Boston Water & Sewer Commn.*, 24 Mass. App. Ct. 583, 587 (1987). The MBTA is a governmental entity, G. L. c. 161A, § 2, and the plaintiffs do not claim that it is not a "person" for the purposes of G. L. c. 84, § 15. See *Wolf* v. *Boston Water & Sewer Commn.*, *supra* at 492 (A "person" includes a quasi corporation which assumes municipal functions). Thus, the applicability of G. L. c. 84, § 15, to the claims against the MBTA turns upon whether the MBTA was "by law obliged" to repair the defect here involved. If so, the plaintiffs were required to give notice to the MBTA under G. L. c. 84, § 18, since "[t]he law is well established in this Commonwealth that the 'exclusive remedy for a claim of personal injury or property damage against governmental entities responsible for defects in a way is G. L. c. 84, § 15.'" *Wolf* v. *Boston Water & Sewer Commn.*, *supra* at 492, quoting from *Huff* v. *Holyoke*, 386 Mass. 582, 585 (1982).[6]

The record is silent as to the cause of the defective condition of the MBTA signpost. We also have not been favored with any information concerning any agreement between the MBTA and the city with respect to the placement and maintenance of the signpost. We are therefore bound by the parties' stipulation that the MBTA has a nonstatutory common law duty to inspect, maintain, and repair its signposts. In concluding that this common law duty to repair is encompassed by the phrase "by law obliged to repair" in G. L. c. 84, we rely primarily on the authority of *Wolf* v. *Boston Water & Sewer Commn.*, *supra*, and *Farrell* v. *Boston*

---

[6]Statute 1978, c. 512, § 18, expressly provided that the provisions of the Massachusetts Tort Claims Act, G. L. c. 258, as appearing in § 15 of c. 512, were not to be construed as superseding or repealing G. L. c. 84, §§ 15-25. See *Ram* v. *Charlton*, *supra* at 485.

*Water & Sewer Commn., supra.* In each of those cases, the plaintiff claimed injury from a fall on a sidewalk or street in the city of Boston caused by a defect. Both cases held that the Boston Water and Sewer Commission was obliged by statute to repair the defective portion of the public way and was, therefore, entitled to notice pursuant to G. L. c. § 18. "The key element in determining the applicability of G. L. c. 84, § 15, . . . is whether the *duty to repair* the defect in the roadway rested with the commission." *Wolf* v. *Boston Water & Sewer Commn.*, 408 Mass. at 492 (emphasis supplied). The case before us differs from these recent decisions only in that the duty to repair is not imposed by statute. We agree with the Appellate Division view that this difference is without consequence. Had the Legislature sought to differentiate between a statutory and nonstatutory obligation to repair, it easily could have done so.

The plaintiffs obliquely attempt to distinguish between a claim based upon negligent failure to repair the signpost and negligent failure to repair the sidewalk in which the signpost was imbedded. That argument ignores the factual premise of the plaintiffs' complaint: that Evelyn Baird's fall was caused by a defect in the sidewalk, i.e., a tripping hazard which made the sidewalk unsafe for ordinary travel. See *Miles* v. *Commonwealth*, 288 Mass. 243 (1934) (A decaying tree "within the limits of the constructed traveled roadway" held to be a defect under G. L. c. 81, § 18, which governs defects in State highways and specifically incorporates G. L. c. 84, §§ 15 & 18). By grounding their claim on a defect in a municipal way, the plaintiffs bound themselves exclusively to the remedial provisions of G. L. c. 84. See *Wolf* v. *Boston Water & Sewer Commn.*, 408 Mass. at 492 & n.4; *Farrell* v. *Boston Water & Sewer Commn.*, 24 Mass. App. Ct. at 590. Accordingly, the plaintiffs' attempt to place the MBTA's duty to repair outside of that statute, if successful, would avail them nothing since the obligation to repair the sidewalk then would revert to the city. The plaintiffs "may not impose on the [MBTA] a common law duty to inspect the identical location and to make the identical repairs as the city was obli-

gated to make. Cf. *Hurlburt* v. *Great Barrington*, 300 Mass. 524 (1938), where it was held that two municipal bodies could not be responsible for repair of the same portion of a sidewalk." *Id.* at 589 n.12. Compare *Wolf* v. *Boston Water & Sewer Commn.*, 408 Mass. at 493 n.6.[7]

The plaintiffs argue the unfairness of requiring the victim of a sidewalk accident to notify, within thirty days, the party responsible for repair of the offending defect when identifying clues are not readily apparent and one reasonably might assume that only the city has repair obligations. The MBTA counters that, without prompt notice, it would often be in a position of having to investigate and defend against defect based claims long after the occurrence of an injury and at a time when significant changes may have occurred at the accident scene. It also cites the benefit to the public of prompt notification requirements which can be expected to result in expeditious remedial measures and the prevention of other injuries. See *Martel* v. *Massachusetts Bay Transp. Authy.*, 403 Mass. 1, 4-5 (1988). While we have recognized that there may be some merit to the plaintiffs' unfairness claims, we have noted, nevertheless, that "[c]are must be taken in such circumstances . . . to select the correct entity against whom to proceed." *Farrell* v. *Boston Water & Sewer Commn.*, 24 Mass. App. Ct. at 587-588 n.9. We leave to the Legislature any more dispositive recognition of the plaintiffs' argument.

We reject the claim for loss of consortium on two grounds: (1) The argument in support of the claim does not meet the requirements of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). It consists of one sentence unsupported by citation or articulated reasoning. Therefore, we are not obliged to recognize it. *Lolos* v. *Berlin*, 338 Mass. 10, 14 (1958). *A. Leo Nash Steel Corp.* v. *Southern New England Steel Erection Co.*, 9 Mass. App. Ct. 377, 385-386 (1980).

---

[7]The plaintiffs properly do not attempt to rely on the cases which distinguish between governmental and proprietary functions, that distinction having been abrogated by the Massachusetts Tort Claims Act, G. L. c. 258. *Wolf* v. *Boston Water & Sewer Commn.*, *supra* at 492 n.4.

(2) This court has held that the remedy provided by G. L. c. 84 applies exclusively to travellers injured by defects in public ways, *McCann* v. *Boston*, 31 Mass. App. Ct. 123 (1991), and is unavailable to loss of consortium claimants. *Trioli* v. *Sudbury*, 15 Mass. App. Ct. 394, 396 (1983).

*Order dismissing report affirmed.*