Barbara SULLIVAN, Plaintiff,

v.

UNITED STATES of America, Postmaster of Marblehead, Town of Marblehead, Unknown Contractor, Defendants.

Civ. A. No. 92–11754–WJS.

United States District Court, D. Massachusetts.

Nov. 10, 1994.

Sterling E. Rowe, Marblehead, MA, for Barbara Sullivan.

Thomas E. Kanwit, U.S. Attorney's Office, Boston, MA, for the U.S., Postmaster of Marblehead and Unknown Contractor.

Thomas E. Kanwit, U.S. Attorney's Office, Boston, MA and Mary E. Walsh–Rogalski, Town Counsel, Marblehead, MA, for Town of Marblehead.

## MEMORANDUM AND ORDER DISMISSING THE CROSS–CLAIM OF THE UNITED STATES AGAINST THE TOWN OF MARBLEHEAD

COLLINGS, United States Magistrate Judge.

In her complaint plaintiff Barbara Sullivan (hereinafter "Sullivan") alleges that on or about May 24, 1991, she tripped over some debris scattered on the sidewalk around a mailbox located at the corner of Lincoln Avenue and Green Street in the Town of Marblehead (hereinafter "the Town"), Massachusetts. According to Sullivan, this amacite debris had not been cleared away following the installation of a cement slab to which the mailbox was secured. As a result of her fall, Sullivan is alleged to have sustained personal injuries.

On July 27, 1992, Sullivan instituted the instant action against the Town, the United States of America (hereinafter "United States")[1] and an unknown contractor for damages. Approximately one year later, on or about July 22, 1993, the Town's Motion for Summary Judgment (# 20) with respect to the plaintiff's claim was granted consequent to Sullivan's failure to comply with the notice requirements incorporated in the governing statute, M.G.L. c. 84 § 15 *et seq.* At this juncture, the Town seeks dismissal of the cross-claim (# 27) filed against it by the United States on the grounds that the cross-claim fails to state a claim upon which relief may be granted.[2]

In its cross-claim, the United States denies responsibility for Sullivan's fall, and further contends

... If the fall was caused by the fault of any party other than plaintiff, that fault belongs to the Town of Marblehead for its failure to properly inspect and maintain the sidewalk where the fall allegedly occurred.

Cross–Claim of United States Against Marblehead, # 27 ¶ 4. By way of relief, the United States demands to be made whole by the Town for any losses incurred should Sullivan succeed on her claim against it.[3]

Both the Town and the United States have analyzed the viability of the cross-claim within the context of the provisions of Massachusetts General Laws Chapter 84, which in part provides:

If a person sustains bodily injury or damage in his property by reason of a defect or a want of repair or a want of sufficient railing in or upon a way, and such injury or damage might have been prevented, or such defect or in or upon a way, and such injury or damage might have been prevented, or such defect or want of repair or want of railing might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may, if such county, city, town or person had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair or want of a sufficient railing, recover damages therefor from such county, city, town or person; but he shall not recover from a county, city or town more than one fifth of one percent of its state valuation last preceding the commencement of the action nor more than five thousand dollars ...

M.G.L. c. 84 § 15.

Indeed, when enacting the Massachusetts Tort Claims Act in 1978, the Legislature saw

---

**1.** The Postmaster of Marblehead was dismissed as a defendant in the case by order of the Court dated March 11, 1993. (*See,* # 10).

**2.** The parties have consented to have the case referred to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c), and the District

Judge has referred the case in accordance therewith.

**3.** Given the demand made, the United States' cross-claim sounds like one for indemnity. However, the parties have construed it to be a claim for contribution, and the Court shall follow suit.

fit to provide expressly by means of a savings clause that sections fifteen through twenty-five inclusive of M.G.L. c. 84 were not to be deemed either superseded or repealed by the Act. *See, e.g., Rogers v. Metropolitan District Commission,* 18 Mass.App.Ct. 337, 339 n. 1, 465 N.E.2d 280, 282 n. 1 (1984); *Ram v. Town of Charlton,* 409 Mass. 481, 485–486, 567 N.E.2d 208, 211 (1991); *Baird v. Massachusetts Bay Transportation Authority,* 32 Mass.App.Ct. 495, 497 n. 6, 591 N.E.2d 210, 211 n. 6 (1992).

The Massachusetts Supreme Judicial Court "has consistently held that G.L. c. 84, § 15, provides the sole remedy against a municipality for personal injuries or property damage resulting from a defect or want of repair 'in or upon a way.'" *Ram v. Town of Charlton, supra,* 409 Mass. at 485, 567 N.E.2d at 211 (citations omitted). In determining that loss of consortium claims do not fall within the purview of the statute, the Appeals Court of Massachusetts has reiterated "that the remedy provided by G.L. c. 84 applies exclusively to travellers injured by defects in public ways ..." *Baird v. Massachusetts Bay Transportation Authority, supra,* 32 Mass.App.Ct. at 500, 591 N.E.2d at 213 (citation omitted); *Accord, Trioli v. Town of Sudbury,* 15 Mass.App.Ct. 394, 398, 446 N.E.2d 92, 95 (1983). Pursuant to these judicial statutory interpretations, the Town argues that the United States quite simply has no cognizable claim under Chapter 84. This Court agrees.

 From all that appears, M.G.L. c. 84 stands as a circumscribed, yet detailed exception to the doctrine at common law that one could not sue a municipality for personal injuries occurring on a public way. It is only as a consequence of statute that a town may be liable to a person injured by a defect in a public way. *Hurlburt v. Town of Great Barrington,* 300 Mass. 524, 526, 16 N.E.2d 71, 72 (1938); *Ram v. Town of Charlton, supra,* 409 Mass. at 490–491, 567 N.E.2d at 213–214. One court has written:

General Laws, c. 84, § 15, which gives a limited right to recovery against a municipality for injuries caused by defects in public ways, "clearly manifests an intent that a traveller who is injured on account of the breach by a municipality of the statutory obligation to keep the ways 'reasonably safe and convenient for travelers,' G.L. (Ter. Ed) c. 84 § 1, shall have no other remedy against the municipality. The Legislature in creating a remedy has set forth the specific grounds upon which a municipality may be held liable for an injury sustained by a traveller upon a public way, and at the same time has safeguarded the [municipality] by providing for the giving of a written notice within a designated time, by requiring action to be brought within a certain period, by exempting the [municipality] from liability except where the defect was the sole cause of the injury, and by limiting the amount of the recovery ... It is intended to be an exclusive remedy ... [T]here can be no recovery outside of the statute for the additional reason that, at common law, no action will be against a [municipality] to recover damages for personal injuries sustained by a traveller on account of a failure to keep the public way reasonably safe." ... The Tort Claims Act, G.L. c. 256, enacted in 1978 and generally abrogating governmental immunity, preserved the exclusivity of the remedy as it had been interpreted under prior decisional law.

*Trioli v. Town of Sudbury, supra,* 15 Mass. App.Ct. at 396, 446 N.E.2d at 94 (citations omitted).

In short, the statutory scheme set forth in Chapter 84 restricts a municipality's potential liability in several ways, including by limiting the cause of action created thereunder to only those persons who sustain bodily injury or damage to their property by reason of a defect in or upon a way and no others.

Read in this light, the provisions of Chapter 84 make complete sense. For example, under § 18, it is the "person so injured" who must give notice within thirty days to the municipality. Similarly, § 19 requires that the notice be in writing and "signed by the person injured or someone in his behalf." It was unnecessary for the Legislature to create an exemption from the notice requirement for third-party claims as it did in the Massachusetts Tort Claims Act because no such claims are cognizable under the statute.

A few final considerations support this statutory construction. Despite the fact that Chapter 84 is significantly longstanding, neither of the parties has proffered, nor has the Court found, any judicial decisions addressing third-party claims thereunder. As previously noted, in the most analogous cases wherein loss of consortium or loss of parental society claims were advanced, these derivative claims have been dismissed. The Court cannot fathom that a joint tortfeasor could stand in a better position vis-a-vis a town than would a consortium claimant. Finally, if the Massachusetts contribution statute, M.G.L. c. 231B, was to be applied as urged, it is conceivable that the Town could be found liable to the United States in an amount greater than five thousand dollars, the maximum recovery permitted under Chapter 84. Again it seems incongruous that a third-party claimant may potentially fare better in monetary terms against a municipality than could the person injured. These conceptual difficulties disappear when Chapter 84 is read literally, which Massachusetts courts have historically done, as providing a limited remedy solely for persons injured as a result of a defect in or on a public way.

For all the reasons stated, it is ORDERED that the cross-claim of the United States against the Town of Marblehead be, and the same hereby is, DISMISSED.