Gershengorn, J.
Plaintiff Maria Botello brings this action for personal injuries sustained after she slipped and fell on an icy sidewalk in front of an airport terminal. Ralph Botello, asserts a loss of consortium claim based on his wife’s injuries. Defendant Massachusetts Port Authority (“Massport”) has moved for summary judgment on the grounds that the plaintiffs failed to provide sufficient notice of their injuries pursuant to G.L.c. 84, §§18 and 19. For the following reasons, summary judgment is ALLOWED.
BACKGROUND
The undisputed facts relating to this motion are as follows. On January 11, 1996, Maria Botello allegedly slipped on an icy sidewalk in front of Alitalia Airlines Departure Terminal at Logan International Airport. Massport was responsible for sidewalk maintenance at Logan International Airport. Maria Botello was allegedly injured as a result of the fall. Ralph Botello also claimed injury based on the loss of his wife’s society, care, comfort, and consortium. On February 6, 1996, the Botellos’ attorney sent a letter to Massport entitled “Notice of Injury.” The letter was addressed to the “Massachusetts Port Authority . . . Chief Administrative Officer,” and recited the time, place, extent, and the alleged cause of Maria Botello’s injuries. The Botellos now commence this action against Massport for damages.
DISCUSSION
This court -will grant summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving parly bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id.
Massport contends that summary judgment is required because the Botellos did not comply with the notice provisions contained in G.L.c. 84, §§18 and 19, when they sent their notice of injury to a non-designated Massport officer. G.L.c. 91 App., §§1-2 and 1-23. It further contends that Ralph Botello’s loss of consortium claim must fail because it is not actionable under G.L.c. 84, §15. The Botellos concede that the notice was improperly sent to the Massport chief administrative officer, but allege that Massport had actual notice of their personal injury claim and that, in any case, Massport must demonstrate that it suffered prejudice by the Botellos’ failure to provide sufficient notice.
General Laws c. 84, §15 provides the exclusive remedy for a claim against Massport for personal injury due to defects in a public way. Huff v. Holyoke, 386 Mass. 582, 585 (1982). A condition precedent to bringing an action under G.L.c. 84, §15 is a written notice of injury. G.L.c. 84, §§18 and 19. Paddock v. Brookline, 347 Mass. 230, 231-32 (1964). General Laws c. 84, §19 designates specific public officers (whose official duties include responding to such claims) as the appropriate recipients of claimant’s notice of injury. O’Connell v. Cambridge, 258 Mass. 203, 204-05 (1927). General Laws c. 91 App., §1-23 requires that notice of injury be given to “any member of the Authority or to the secretary treasurer of the Authority.” Under G.L.c. 91 App., §1-2, “member of the Authority” refers to seven specific members appointed by the state’s Governor. Massachusetts courts strictly construe the notice provisions which govern how notice of injury shall be given and to whom. See Wolf v. Boston Water and Sewer Comm’n, 408 Mass. 490, 492 (1990); Baird v. Massachusetts Bay Transp. Auth., 32 Mass.App.Ct. 495, 499, rev. denied, 413 Mass. 1011 (1992).
The Botellos’ attorney sent notice to Massport’s chief administrative officer.[1] It does not matter if Massport had actual or constructive notice of the injury. See Ram v. Town of Charlton, 409 Mass. 481, 485 (1991); see also, King v. City of Boston, 300 Mass. 377, 380 (1938). It also unavailing that Massport’s insurer sent a letter to the Botellos regarding its investigation of their claim against Massport. See, e.g., Rooney v. Ludlow Mfg. & Sales Social & Athletic Club, Inc., 330 Mass. 340 (1953). The Botellos failed to notify Massport properly, therefore their claims must fail.
In an attempt to survive summary judgment, the Botellos make a series of arguments, all of which fail as a matter of law. The Botellos argue that, under G.L.c. 84, §20, Massport was required to notify the Botellos that their notice of injury was deficient. That section, however, applies only to deficiencies in the notice itself; it does not apply to situations where the notice of injury has been sent to the wrong official. G.L.c. 84, §20. The Botellos also allege that the defect was not on a public way, rather it was on a roof within Massport’s control which caused the icy condition on the sidewalk. This is a novel argument, but it lacks merit. A defect is “defined as any condition making a way unsafe or inconvenient for ordinary travel.” Gallant v. Worcester, 383 Mass. 707, 711 (1981). Clearly the icy sidewalk that Maria Botello slipped on falls within that definition. The Botellos also argue that Massport must prove it was prejudiced by lack of notice of the Botellos’ injuries. This argument is untenable, however. The statute unequivocally requires that actual notice be provided to a specific designated official. G.L.c. 91 App., §1-23. The Botellos did not *664 provide this notice, therefore this argument is without merit.
Finally, the court notes that Ralph Botello’s loss of consortium claim cannot survive summary judgment as such claims are precluded under G.L.c. 84, §15.[2] See Baird, 32 Mass.App.Ct. at 500. Massport’s summary judgment motion, therefore, is allowed.
ORDER
It ORDERED that defendant Massachusetts Port Authority’s motion for summary judgment is ALLOWED.

 This officer is not a “member of the Authority” as prescribed under G.L. 91 App., §1-2.

 Even if such claims were allowed under G.L.c. 84, the notice of injury letter failed to inform Massport of Ralph Botello’s alleged injury.