# Maria Botello *vs.* Massachusetts Port Authority.[1]

No. 97-P-2335.

Middlesex. June 8, 1999. - September 23, 1999.

Present: Kass, Porada, & Gelinas, JJ.

*Massachusetts Port Authority. Notice,* Action alleging injury caused by defect in public way. *Way,* Public: defect. *Statute,* Construction.

This court concluded that a plaintiff's failure to send the notice required by G. L. c. 84, § 18, to the correct officer of the Massachusetts Port Authority (Massport), as designated by St. 1956, c. 465, § 23, as amended by St. 1958, c. 599, § 11, was not, by reason of the savings provision in G. L. c. 84, § 18, a defense to the plaintiff's claims without a showing that Massport was prejudiced by the notice being received by its chief administrator. [789-791]

Civil action commenced in the Superior Court Department on March 12, 1996.

The case was heard by *Wendie I. Gershengorn,* J., on a motion for summary judgment.

*Lawrence R. Glynn* for the plaintiff.

*Kenneth J. Mickiewicz (Michael S. Bloom* with him) for the defendant.

Kass, J. Maria Botello hurt herself in a fall on an icy sidewalk under the control of the Massachusetts Port Authority (Massport). When she brought a claim against Massport, her statutory notice was defective, a misstep that might have been inconsequential by reason of a savings provision in G. L. c. 84, § 18, which excludes failure to give proper notice as a defense, unless the defendant proves prejudice. A judge of the Superior Court accepted Massport's argument that the savings provision of § 18 does not apply to Massport and allowed Massport's motion for summary judgment. We reverse.

These are the relevant facts. Botello's fall occurred on Janu-

[1]Additional parties named in the complaint are not involved in this appeal.

ary 11, 1996, in front of the Alitalia Airlines departure gate at Logan International Airport. Massport was responsible for maintaining the sidewalk. Counsel for Botello sent a letter on February 6, 1996, to "Massachusetts Port Authority . . . Chief Administrative Officer," that, conformably with G. L. c. 84, § 18, recited the time, place, extent of, and alleged cause of Botello's injury. The defect in that notice was that St. 1956, c. 465, the Massport statute, requires that "[a]ny notice . . . shall be given to any member of the Authority or to the secretary-treasurer of the Authority." St. 1956, c. 465, § 23, as amended by St. 1958, c. 599, § 11.[2] Botello's notice had arrived at the wrong desk at Massport.

The exclusive remedy for claims of injury or damage against government bodies arising out of defects in a way is the cause of action created by G. L. c. 84, § 15. *Whalen* v. *Worcester Elec. Light Co.*, 307 Mass. 169, 175 (1940). *Huff* v. *Holyoke*, 386 Mass. 582, 585 (1982). *Ram* v. *Charlton*, 409 Mass. 481, 489, cert. denied, 502 U.S. 822 (1991). *Trioli* v. *Sudbury*, 15 Mass. App. Ct. 394, 396 (1983). *Baird* v. *Massachusetts Bay Transp. Authy.*, 32 Mass. App. Ct. 495, 497 (1992). Section 15 of c. 84 establishes the right; § 18 imposes the requirement of notice within thirty days of injury and prescribes what the notice shall contain; and § 19 prescribes that the notice shall be in writing and to whom, in the case of a county, city, or town, the notice shall be addressed.[3]

Those provisions are incorporated in the Massport statute in St. 1956, c. 465, § 23, as amended by St. 1958, c. 599, § 11, which, in relevant part, provides:

> "[T]he Authority shall be liable to any persons sustaining bodily injury or damage in or on its property by reason of a defect or want of repair of ways in or on said projects to the same extent as though said ways were ways within the meaning of sections fifteen, eighteen, and nineteen of chapter eighty-four of the General Laws . . . ."

The subsequent sentence instructs that notice shall be given to

[2]The full text of the Massport statute also appears at Mass. Gen. Laws Ann. c. 91 App. (West 1993).

[3]The Massachusetts Tort Claims Act, G. L. c. 258, preserved the exclusivity of the remedy of G. L. c. 84, § 15, as it had been interpreted under prior law. *Trioli* v. *Sudbury*, 15 Mass. App. Ct. at 396.

"any member of the Authority or to the secretary-treasurer of the Authority." The members of the authority are those seven, appointed by the governor, who, collectively, constitute the authority. St. 1956, c. 465, § 2. They annually elect the secretary-treasurer, who need not be a member. *Ibid.* The chief administrative officer of Massport is an employee of the authority.

It is not easy to see why, when St. 1956, c. 465, § 23, as amended by St. 1958, c. 599, § 11, expressly imports sections 15, 18, and 19 of G. L. c. 84 ("the Authority shall be liable . . . as though [its] ways were ways within the meaning of [G. L. c. 84, §§ 15, 18, & 19]"), it should be thought not to import as well the provision in G. L. c. 84, § 18, that says, "Failure to give such notice for such injury or damage sustained by reason of snow or ice shall not be a defense under this section unless the defendant proves that he was prejudiced thereby." Full importation of that language is especially indicated because it was added to § 18 as a remedial provision by St. 1973, c. 1085, well after enactment in 1958 of revisions to the pertinent provisions of the Massport statute. The 1973 amendment bore the caption: "An act providing that failure to give notice in cases involving injuries sustained on snow or ice shall not be a defense in actions for such injuries." We may look to the caption of an act of the Legislature for enlightenment as to the act's purpose. *Commonwealth* v. *Savage*, 31 Mass. App. Ct. 714, 716 & n.4 (1991).

As to the provision which Massport argues should have freestanding significance, that notice must be sent to a member or the secretary-treasurer, it does no more than substitute for the county or municipal officers that G. L. c. 84, § 19, designates as persons to be notified in the county and municipality context. But, Massport insists, as the savings clause reads that, "[f]ailure to give notice . . . shall not be a defense *under this section*" (emphasis supplied), its benefits apply only to claimants who made a mistake as to the information called for by § 18, and does not apply to mistakes under § 19. That argument overlooks that sections 15, 18, and 19 are integrated provisions, dealing with different parts of the notice procedure. It is highly implausible that the Legislature, when it introduced a prejudice criterion in snow and ice cases, was interested only in § 18 defects and not in § 19 defects, especially as defects under § 19 are likely to be ones of form rather than meaning. Take

the case before us: the notice to the chief administrator was likely to trigger a more prompt investigation — a principal purpose of notice — than notice served on a member or the secretary-treasurer of Massport, any of whom is a step more removed from day-to-day operations of the agency than its chief administrator.[4] As to the integration of the notice provisions in G. L. c. 84 and the applicability of St. 1973, c. 1085 (the savings provision), to all of them, see *Perry* v. *Medeiros,* 369 Mass. 836, 842-843 & n.5 (1976). Indeed, the interpretation that Massport urges leads to anomalous possibilities: e.g., one could fail to give timely notice altogether, and still maintain a snow and ice action, provided there had been no prejudice; but if a party gave complete and timely notice to the wrong desk of the target government entity, all would be irrevocably lost. We do not attribute to the Legislature a statutory scheme leading to an absurd result. See *Champigny* v. *Commonwealth,* 422 Mass. 249, 251 (1996).

For these reasons, we determine that a failure to send the statutory snow and ice notice to the correct officer of Massport is not a defense to the plaintiff's action without a showing by Massport that its defense has been prejudiced by having the notice arrive with its chief administrator. The allowance of summary judgment for Massport was error.

*Judgment reversed.*

---

[4]The Massport statute does not establish an office called "chief administrator." Statute 1956, c. 465, § 3(l), authorizes the authority to employ "such other employees . . . as may be necessary in its judgment."