Troy, Paul E., J.
Plaintiff Kathleen Loan (Loan) has brought the present action seeking damages for injuries she sustained when she tripped over a depression in the sidewalk surrounding a sewer shutoff valve in front of 106 Dorchester Street. Her complaint alleges that the defendant, Boston Water and Sewer Commission (BWSC) was negligent in maintaining its property (Count I) and seeks consequential damages for the injuries she sustained due to its alleged negligence (Count II). She also seeks damages from the City of Boston (the City) under the Massachusetts Tort Claims Act, G.L.c. 258, §1, for negligent maintenance of the sidewalk (Count III) and G.L.c. 84, §§15, 18 for failing to repair the defect on the sidewalk (Count IV). The City and BWSC have been sued on the theory that they each owned or controlled the premises in question, and both have filed motions to dismiss the claims against them.
On October 17, 2005, this court ordered that Loan and BWSC would have twenty days to supplement their pending motion to dismiss and opposition, which the court would then treat as a motion for summary judgment. Each has submitted further papers. For the following reasons, the City’s motion to dismiss is allowed and BWSC’s motion to dismiss, treated as a motion for summary judgment, is allowed.
BACKGROUND
On October 9, 2003 at 12:45 p.m., Loan was walking on the sidewalk at 106 Dorchester Street when she fell, injuring her right ankle and right leg. After receiving treatment for her injuries at the New England Medical Center, Loan contacted the Boston Police. Patrolman Leonard J. Lilly went to Loan’s home, then inspected the scene of the injury and filed an incident report. His report states that Loan fell over a “defect in the sidewalk.” He described his observations of the defect in his report: “a twelve inch half-moon around a Boston Water and Sewer shutoff valve. A three foot by six foot hole had been dug around the valve and asphalted, leaving the twelve inch round defect.” In his report, Patrolman Lilly also stated, “Boston Water and Sewer to be notified.”
In her complaint, Loan states that she notified the City of her injuries “no more than 30 days” after she fell. The complaint does not allege that Loan notified BWSC of her injuries. Each of the defendants has submitted copies of the notice it received from Loan’s counsel, which describes her injuries. Both notice letters were received on November 14, 2003. Loan concedes that her notice to both defendants was defective, however, she argues that the defendants received constructive, timely notice of her injuries through Patrolman Lilly’s incident report.
*385 DISCUSSION
A person injured by a defect on a public way may seek recovery from the entity responsible as provided by G.L.c. 84, §15:
If a person sustains bodily injury or damage in his property by reason of a defect or a want of repair or a want of a sufficient railing in or upon a way, and such injury or damage might have been prevented, or such defect or want of repair or want of railing might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may, if such county, city, town or person had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair or want of a sufficient railing, recover damages therefor from such county, city, town or person, but he shall not recover from a county, city, town or local water and sewer commission more than one fifth of one per cent of its state valuation last preceding the commencement of the action nor more than five thousand dollars; . . .
The remedy provided by G.L.c. 84, §15 is Loan’s exclusive remedy against a municipality or public entity for defect in a public way. Wolf v. Boston Water & Sewer Comm’n, 408 Mass. 490, 492 (1990), citing Huff v. City of Holyoke, 386 Mass. 582, 585 (1982). A “defect” is “anything in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel,” Gallant v. City of Worcester, 383 Mass. 707, 711 (1981), and has been held to include tripping hazards. See Baird v. Massachusetts Bay Transp. Auth., 32 Mass.App.Ct. 495, 497 (1992); Farrell v. Boston Water & Sewer Comm’n, 24 Mass.App.Ct. 583, 587, rev. denied, 400 Mass. 1106 (1987).
A claimant under G.L.c. 84, §15 must comply with the notice provisions of G.L.c. 84, §18, which states that the party injured by the defect in a public way “shall, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage.” Section 19 of G.L.c. 84 mandates that the notice be in writing, “signed by the person injured or by some one in his behalf.” See Botello v. Massachusetts Port Auth., 47 Mass.App.Ct. 788, 789 (1999).
1. Defendant Boston Water and Sewer Commission
In her complaint against BWSC, which alleges negligence and consequential damages resulting therefrom, Loan fails to make any allegations concerning her compliance with the notice provisions of G.L.c. 84, §18. Compliance with this notice requirement is a prerequisite to suit and must be alleged in the plaintiffs complaint. Ram v. Town of Charlton, 409 Mass. 481, 489 (1991); Farrell, 24 Mass.App.Ct. at 590. In an attempt to correct this defect, Loan argues that the police officer’s report, which states “Boston Water and Sewer to be notified,” gave BWSC constructive notice of her injuries, and therefore, she has satisfied the notice requirements of G.L.c. 84, §18. Although this report was not filed with Loan’s complaint, the existence and content of this report were not disputed by Loan or BWSC, which led this court to order that BWSC’s motion to dismiss would be treated as a motion for summary judgment, because the motion (and Loan’s opposition) referred to matters outside the pleadings.
Loan supplemented her opposition to BWSC’s motion for summary judgment with an affidavit, wherein she states that she relied on Patrolman Lilly’s “promise” that he would notify BWSC of her injuries. She argues that even if Lilly’s initial notice to BWSC was defective, any defect was cured by her own later— though untimely — notice to BWSC through her counsel.[2] This argument is unpersuasive. In Ram v. Town of Charlton, the plaintiff brought suit under G.L.c. 84, §15, alleging that a defect in a town road caused her to suffer injury in a car accident. The plaintiff failed to give the town of Charlton notice of her injuries within thirty days, but argued that it was unnecessary for her to comply with the notice requirements of G.L.c. 84, §18 because the town of Charlton was aware of the dangerous and defective condition of the road, as there had been “numerous reported accidents on this stretch of Route 31 prior to the plaintiffs accident.” 409 Mass. at 482, 489. The court stated:
We reject the plaintiffs alternate argument that it was unnecessary for her to comply with the written notice requirements because the defendants were aware of the dangerous condition of the road. An unequivocal requirement under [G.L.c. 84, §18] is that the town [ ] “had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair.” This requirement coexists with the requirement that written notice of an injury be given to the town [ ] within thirty days of an accident. G.L.c. 84, §§18 and 19[ ]. Thus, in addition to actual or constructive notice of the dangerous state of the road, timely written notice of the injury is a clear condition precedent to the existence of a cause of action, and no other form of notice may be substituted.
Ram, 409 Mass. at 489 (other citations omitted, emphasis added). In the present case, the police officer’s notice to BWSC, even if it were made, could not constitute “timely written notice of the injury” on behalf of Loan. Even indulging the police officer’s report a broad reading, it does not appear that the officer intended to give BWSC notice of anything other than the defective condition at 106 Dorchester Street, as it is described in detail immediately prior to his notation that BWSC is “to be notified.” Under Ram no form of notice other than timely written notice of the *386 plaintiffs injuries by the plaintiff or someone on her behalf would meet the strict requirements of G.L.c. 84, §§18 and 19. See also Fearon v. Commonwealth, 394 Mass. 50, 53 (1985) (“No reasonable reliance on later communications could have had an effect on the plaintiffs failure to make a timely presentment”). BWSC is therefore entitled to summaryjudgment as a matter of law, and Counts I and II of Loan’s complaint are dismissed.
2. Defendant Ciiy of Boston Count IV: G.L.c. 84, §15
A complaint is sufficient to withstand a 12(b)(6) motion “unless is appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). Loan’s complaint states that she gave the City notice of her injuries within the 30 days required under G.L.c. 84, §18. The City has offered copies of the actual notice that it received from Loan, which indicates that it was not received within the statutorily required 30 days after her injuries took place. In supplemental filings, the plaintiff concedes that her notice to the City was defective, but argues that the Ciiy (and BWSC, as discussed previously) received constructive, timely notice of her injuries through the Boston Police incident report.[3]
In a motion to dismiss, the court must read a plaintiffs complaint indulgently. “The plaintiff is to be given the benefit of any doubt, and must prevail over the motion unless it appears with certainty that he is entitled to no relief under any combination of facts that could be proved in support of his claims.” Brum v. Dartmouth, 44 Mass.App.Ct. 318, 322 (1998) (citations omitted) (emphasis in original); S.C., 428 Mass. 684 (1999).
The court’s ability to read Loan’s complaint indulgently is hindered by her argument, raised in later filings, that although her notice of her injuries to the Ciiy was not timely, the defendants received timely notice of her injuries through the Boston Police Incident Report. As discussed with respect to BWSC, this argument must fail. Therefore, the court finds that it is certain that Loan is not entitled to relief, in that she has conceded facts which contradict the allegations of her complaint and are fatal to her claims against the City. As such, Count I of Loan’s complaint must be dismissed.
2. Count III: G.L.c. 258, §1
Count III of Loan’s complaint asserts that the City is liable to her under the Massachusetts Tort Claims Act, G.L.c. 258, §1, “for negligently maintaining a public walkway by failing to repair its hazardous condition.” This count may be properly dismissed, as previous courts have held that “(w]here the alleged negligence lies in street maintenance, the exclusive remedy lies with G.L.c. 84, and not with G.L.c. 258 . . .” Minasian v. City of Somerville, 40 Mass.App.Ct. 25, 27 (1996), citing Ram, 409 Mass. at 489. Loan’s complaint clearly states a claim for negligent street maintenance. The Massachusetts Tort Claims Act, enacted in 1978, expressly states that its provisions “shall not be construed to modify or repeal the applicability of any existing statutes that limits, controls or affects the liability of public employers or entities.” G.L.c. 258, §10. See also Ram, 409 Mass. at 485, quoting St. 1978, c. 512, §18 (“The provisions of [the Massachusetts Tort Claims Act] . . . shall not be construed to supersede or repeal section eighteen of chapter eighty-one and sections fifteen to twenty-five, inclusive, of chapter eighty-four of the General Laws”); Gallant, 383 Mass. at 711; Mierzejewski v. City of Fitchburg, 55 Mass.App.Ct. 1103 (2002) (unpublished) .
Loan attempts to avoid the exclusivity provisions of G.L.c. 84 by arguing that dismissal is inappropriate because it is not clear whether her injury arose from negligent construction or negligent maintenance, and her complaint could reasonably give rise to either inference. A similar claim was rejected in Baird v. Massachusetts Bay Transp. Auth., 32 Mass.App.Ct. 495, 499 (1992). In Baird, the court stated: “The plaintiffs obliquely attempt to distinguish between a claim based upon negligent failure to repair the signpost and negligent failure to repair the sidewalk in which the signpost was imbedded. That argument ignores the factual premise of the plaintiffs’ complaint: that Evelyn Baird’s fall was caused by a defect in the sidewalk, i.e., a tripping hazard which made the sidewalk unsafe for ordinary travel... By grounding their claim on a defect in a municipal way, the plaintiffs bound themselves exclusively to the remedial provisions of G.L.c. 84.” Id., citing Wolf, 408 Mass. at 492 & n.4; Farrell 24 Mass.App.Ct. at 590.
As Loan has similarly grounded her complaint upon a defect in a municipal way, her exclusive remedy is provided by G.L.c. 84, §15, and her claim under the Massachusetts Tort Claims Act (Count III) must be dismissed.
ORDER
For the foregoing reasons, defendant City of Boston’s motion to dismiss Count IV is ALLOWED, and its motion to dismiss Count III is ALLOWED. Defendant Boston Water and Sewer Commission’s motion to dismiss Counts I and II, treated as a motion for summaryjudgment, is ALLOWED.

 The plaintiff refers to Botello v. Massachusetts Port Authority for the proposition that late delivery of statutory notice will be excused when a defendant cannot demonstrate that it suffered prejudice due to the delay. Botello does not stand for this proposition. In Botello, notice of the plaintiffs injury was timely, however, it was directed to the wrong person. 47 Mass.App.Ct. 788, 789 (1999). The Appeals Court held “a failure to send the statutory snow and ice notice to the correct officer of Massport is not a defense to the plaintiffs action without a showing by Massport that its defense has been prejudiced by having the notice arrive with its chief adminis *387 trator." Id. at 791. Failure to comply with the notice provisions of G.L.c. 84, §§18 and 19 is fatal to a plaintiffs claim under that statute. See Ram v. Town of Charlton, 409 Mass. 481, 489 (1991); Mierzejewski v. City of Fitchburg, 55 Mass.App.Ct. 1103 (2002) (unpublished).

 The plaintiff need not have addressed her notice to the City in her supplemental filings, as the October 17, 2005 order of this court only purported to treat BWSC’s motion to dismiss as a motion for summary judgment.