SUPERIOR COURT 
 
 ANA GLADYS AMAYA v. CHELSEA PUBLIC SCHOOLS and QUIRK CONSTRUCTION CORP.

 
 Docket:
 2384CV01057-C
 
 
 Dates:
 January 29, 2024
 
 
 Present:
 Robert B. Gordon
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON CHELSEA PUBLIC SCHOOLS’ MOTION TO DISMISS CROSS-CLAIMS OF QUIRK CONSTRUCTION CORP.
 
 

 BACKGROUND
            This case arises out of an accident that took place on a sidewalk of Kelly Elementary School in Chelsea, Massachusetts. On October 14, 2020, Plaintiff Ana Gladys Amaya (“Plaintiff” or “Ms. Amaya”) fell over construction equipment on this sidewalk when she became entangled in plastic straps that were being used to secure the equipment. The straps and equipment are alleged to have been left strewn upon the ground of property of Defendant Chelsea Public Schools (“Chelsea”) by Co-Defendant Quirk Construction Corp. (“Quirk”), which had recently completed work on a playground construction project pursuant to a contract with Chelsea.
            Plaintiff has brought a tort action against Co-Defendants Chelsea and Quirk, alleging that her fall on the school sidewalk was caused by their joint negligence. Quirk has asserted cross-claims against Chelsea, seeking recovery against the municipality on contribution and indemnity theories should Quirk be found liable in damages for Plaintiff’s injuries. Plaintiff has since filed an Amended Civil Complaint (Paper #14), in which Ms. Amaya drops her tort claims against Chelsea and proceeds exclusively against Quirk. The Court will, accordingly, treat Quirk’s causes of action against Chelsea as third-party claims under Rule 14(a) rather than cross-claims under Rule 13(g) (a distinction without a difference for present purposes).        
DISCUSSION
            It is well settled that G.L. c. 84, § 15 represents the exclusive remedy by which a municipality may be held liable in tort for injuries caused by a defect on its public way. Ram v. Town of Charlton, 409 Mass. 481, 485, cert. denied, 502 U.S. 822 (1991). Chapter 84, § 15 thus provides in relevant part as follows:
                        “If a person sustains bodily injury or damage to his property by
                          reason of a defect or a want of repair … in or upon a way, and
                          such injury or damage might have been prevented, or such defect
                          or want of repair … might have been remedied by reasonable care
                          and diligence on the part of the county, city, town or person by law
                          obliged to repair the same, he may, if such county, city, town or
                          person had or, by the exercise of proper care and diligence, might
                          have had reasonable notice of the defect or want of repair …,
                          recover damages therefor from such county, city, town or person.”
 
Mass. G.L. c. 84, § 15. The statute further provides that any monetary recovery thereunder shall be limited to $5,000.00. Id.
            A “defect” for purposes of Chapter 84 is “anything in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel.” Gallant v. City of Worcester, 383 Mass. 707, 711 (1981); Baird v. Massachusetts Bay Transp. Auth., 32 Mass. App. Ct. 495, 497 (1992). In the case at bar, the Complaint alleges that Plaintiff was injured on Chelsea’s sidewalk on October 14, 2020, when she tripped over plastic straps that were not properly secured to construction materials that had been left there by Quirk. By this allegation, the Complaint unmistakably asserts that Chelsea’s public way was “unsafe or inconvenient for ordinary travel.” To the extent Plaintiff would seek to hold Chelsea directly liable for injuries resulting from her fall thereon, or Quirk would do so indirectly through claims for contribution and indemnification, the claim falls squarely within the purview of G.L. c. 84. The law is clear, however, that third-party claims for contribution or indemnity will not lie under this statute. See Sullivan v. United States, 866 F. Supp. 654, 656 (D. Mass. 1994) (“[T]he statutory scheme set forth in Chapter 84 restricts a municipality’s potential liability in several ways, including by limiting the cause of action created thereunder to only those persons who sustain bodily injury or damage to their property by reason of a defect in or upon a way and no others”) (emphasis added); Wilbert v. Verizon New England, Inc., No. SUCV2017-03691, 2018 WL 8452517, at *4 (Mass. Super. Ct. Sept. 21, 2018) (Buckley, J.) (“G. L. c. 84, § 15[ ] precludes [third-party plaintiffs’] contribution and indemnification claims as they did not sustain bodily injury or property damage.”); Correia v. Moncouski, Mass. Super. Ct. No. 97-3155, at *8 (July 11, 1997) (Botsford, J.) (“G.L. c. 84 precludes a party from bringing a claim for contribution or indemnification.”).
            In Correia, Judge Botsford addressed the very issue presented in this case, and flatly rejected the viability of third-party contribution and indemnification claims where the underlying cause of action falls within the scope of c. 84:
                        “A cause of action for contribution (or indemnification) must relate
                          to an underlying claim. Here, the plaintiff Correia’s underlying
                          claim is for personal injuries, and would have been exclusively 
                          governed by G.L. c. 84, § 15 if Correia had asserted it against the 
                          town. Just as Correia would have been bound by c. 84 in relation
                          to the town, so are the third-party and cross-claimants when they 
                          seek contribution or indemnification from the town in relation to
                          Correia’s claims against them. The Legislature’s intent to make 
                          c. 84 the exclusive remedy cannot be thwarted by framing the issue
                          as one of contribution or indemnification.”
Id. at *5. The decision is plainly on point, and the undersigned adopts Judge Botsford’s reasoning to reach the same result in the present case. Inasmuch as Quirk, like the third parties in Sullivan, Wilbert and Correia, is not a “person who sustained bodily injury or damage to [its] property” while traveling on a public way, it cannot avail itself of the exclusive remedy provided to such persons by Chapter 84.
            In opposition to Chelsea’s Motion to Dismiss, Quirk advances three arguments. None persuade. Quirk first maintains that the nature and cause of the Plaintiff’s injuries are matters of factual dispute warranting discovery, and that whether such injuries fall within the coverage of c. 84 is an issue that cannot be resolved on a Rule 12 motion. The Court does not agree. The Complaint unambiguously alleges that Quirk’s construction materials, left unsecured on the sidewalk at Kelly Elementary School, rendered this public pathway unsafe and resulted in Ms. Amaya’s fall causing her injuries. “G. L. c. 84, § 15 has been interpreted rather broadly in the Commonwealth.” Dibenedetto v. Commonwealth, No. CA 931788E, 1995 WL 1308158, at *2 (Mass. Super. Ct. June 16, 1995) (Doerfer, J.). Numerous cases (several cited by Quirk in its own opposition memorandum) hold that both natural and unnatural obstructions situated on a public way are properly considered “defects” in the “state” or “condition” of the way. See, e.g., Huff v. City of Holyoke, 386 Mass. 582, 585-86 (1982) (wire stretched across roadway deemed a covered defect); Wershba v. City of Lynn, 324 Mass. 327, 330 (1949) (“shade tree within the limits of a highway may, because of its decayed or unsound condition, be a defect”); Bowman v. Newburyport, 310 Mass. 478, 481-82 (1941) (burning leaf embers that blew onto public way after leaves were raked into piles, set afire, then swept into the gutter by street department constituted a road defect). See also Meyer v. Veolia Energy N. Am., 482 Mass. 208, 213 n.5 (2019) (“Objects on the road surface creating obstructions to travel are defects.”).  Although Quirk rightly notes that our courts have declined to extend Chapter 84’s defect definition to cover literally every object or circumstance creating an obstruction on a public way, see, e.g., Dibenedetto, supra (slow-moving DPW truck not a “defect” within meaning of Chapter 84), the undersigned discerns no ambiguity in the facts of the case at bar. A claim that Chelsea’s public sidewalk was rendered unsafe by the presence of unsecured plastic straps tethered to construction materials left there for no reason is surely a claim that the premises were defective.
            Quirk next argues that c. 84 requires a claimant to show that the municipality was the “sole cause” of the injury. See Carroll v. Lowell, 321 Mass. 98, 100 (1947) (“In actions against cities or towns for defective ways there can be no recovery unless the defect was the sole cause of the injury.”). Accord Haustein v. Kane, No. 92475, 1993 WL 818671, at *3 (Mass. Super. Ct. Nov. 29, 1993) (Whitehead, J.).  The Court is unable to see how this principle has any bearing whatsoever on Quirk’s right to recover as a third-party indemnitee or joint tortfeasor entitled to contribution. Whatever challenges the Plaintiff may have faced in asserting c. 84 liability against Chelsea on the facts of this case, a matter now mooted by the voluntary dismissal of Chelsea from the Amended Civil Complaint, such challenges add to rather than overcome the legal impediments Quirk faces in recovering derivatively from Chelsea as a third-party claimant. See LeBlanc v. Logan Hilton Joint Venture, 463 Mass. 316, 326 (2012), quoting Berube v. Northampton, 413 Mass. 635, 638-639 (1992) (“Without liability in tort there is no right of contribution. … If one has a personal defense or special status that would bar liability, contribution is not allowed because it is only permitted from those liable, and not from those who are shown merely to be at fault.”).
            Finally, Quirk maintains that it entered into a valid Contract for Services with Chelsea, and that such contract contains a provision whereby “the City may elect, at its sole discretion, to indemnify the Contractor for claims arising in tort if it is determined that the Contractor performed its obligations … pursuant to the direct supervision and control of the City or its designated agents.” The clear contract language cited by Quirk, however, contains no contractual commitment or obligation on the part of Chelsea to indemnify this contractor. In point of fact, the precise opposite is the case. The very clause of the contract invoked by Quirk contains the following provision: “The Contractor shall assume the defense, indemnify and hold harmless the City … from and against all losses and claims, demands, payments, suits, actions, recoveries and judgments of every nature and description brought or recovered against [it] by reason of acts, inactions, omissions, negligence, reckless or intentional misconduct of the paid Contractor … in the execution of the work or in guarding the same.” Thus, unlike Chelsea’s discretionary prerogative to indemnify Quirk if it determines this contractor’s liability to have arisen from acts or omissions occurring under the City’s direct supervision, the parties’ Contract for Services unqualifiedly obligates Quirk to indemnify and hold Chelsea harmless from all liabilities related to its work thereunder. If anything, therefore, the contract endows Chelsea with rights of action for indemnity against Quirk (such as for the costs of defending this litigation), but not the reverse. That Chelsea may one day theoretically elect to indemnify Quirk for its liability to the Plaintiff plainly does not render it subject to suit for indemnification by Quirk now.
CONCLUSION AND ORDER
            For all the foregoing reasons, Chelsea Public Schools’ Motion to Dismiss the Cross-Claims of Quirk Construction Corp. shall be, and hereby is, ALLOWED.
SO ORDERED.
/s/Robert B. Gordon
Justice of the Superior Court
January 29, 2024